


**THE CITY OF NEW YORK**

| JAMES E. JOHNSON | **LAW DEPARTMENT** | JOSHUA A. WEINER |
| --- | --- | --- |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Senior Counsel*<br>Phone: (212) 356-2249<br>Fax: (212) 356-3509<br>Email: jweiner@law.nyc.gov |

September 15, 2020

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

        Re: <u>Boisey Caldwell v. Officer German Geronimo</u>,
             19-CV-8253 (KPF) (SLC)

Your Honor,

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to represent Defendant New York City Police Department Officer German Geronimo in the above-referenced matter. Defendant writes pursuant to the Court's Order, dated September 9, 2020, to inform the Court that further action is necessary after reviewing Plaintiff's responses to Defendant's document requests and interrogatories. Specifically, Defendant respectfully requests that the Court order Plaintiff to respond to Defendant's requests to identify his previous arrests and convictions, and provide a "global NY CPL 160.50" by a date certain. Additionally, in light of Plaintiff's deficient responses, the fact that Defendant has yet to receive releases for key medical records from Plaintiff, and the quickly approaching deadline to complete fact discovery, Defendant requests a 45-day extension of the discovery deadline and all intermittent deadlines, from September 21, 2020 to November 5, 2020. Plaintiff does not consent to this motion. This is Defendant's second request for an extension of time to complete discovery; the first request was granted.

      By way of background, Plaintiff alleges that he was falsely arrested and subjected to excessive force. Specifically, he alleges that, on September 2, 2019, he was fishing in Morningside Park when he was confronted and tackled to the ground by Officer Geronimo and subsequently arrested. (<u>See</u> <u>Caldwell</u> Compl. 1-2 (ECF No. 2.)) On August 4, 2020, the Court granted Defendant's letter motion for an informal conference in anticipation of Defendant's contemplated motion to compel Plaintiff's response to Defendant's discovery requests. (ECF No. 57.) The informal conference was scheduled on August 20, 2020; as the Court is aware, Plaintiff did not appear at this conference. However, Plaintiff filed two letters wherein he implied a request for a settlement conference and that he did not need to respond to Defendant's discovery requests. (ECF Nos. 66 and 67). In response, on September 3, 2020, Defendant filed a letter motion objecting to Plaintiff's application to be relieved of his obligation to respond to

Defendant's document requests and interrogatories.  Around the same time, Plaintiff filed his responses to the interrogatory portion of Defendant's discovery requests.  (ECF No. 69.)  Only after Defendant filed the letter motion, dated September 3, 2020, was defense counsel able to review Plaintiff's interrogatory responses.

Upon review of Plaintiff's responses, Defendant has concluded that they are deficient.  Plaintiff did not respond to interrogatories requesting that he identify "each occasion on which plaintiff has been arrested other than the Incident that is the subject of this lawsuit," and "each occasion in which plaintiff has been convicted of a felony or misdemeanor," nor did he provide a "global NY CPL 160.50 release" that would enable Defendant to access Plaintiff's sealed arrest and criminal files pertaining to arrests prior to the subject incident.  Defense counsel attempted to meet and confer with Plaintiff on September 11, 2020 in order to persuade Plaintiff to cure these deficiencies, but Plaintiff nevertheless refused.  Defendant contends that Plaintiff's previous arrests and convictions are relevant to his damages, as case law in the Second Circuit makes clear that defendants are entitled to inquire into a plaintiff's prior arrest history, including those cases which ended favorably and whose records are therefore sealed.  See, e.g., Cicero v. City of New York, No. 11-CV-0360 (NGG), 2011 U.S. Dist. LEXIS 80880, at *11-*12 (E.D.N.Y. July 25, 2011); Wilson v. City of New York, No. 06-CV-229 (ARR) (VVP), 2006 U.S. Dist. LEXIS 90050, at *1-*2 (E.D.N.Y. Dec. 13, 2006) (rejecting plaintiff's objection to producing his criminal record because it may be relevant to damages).  Additionally, depending on the reason for Plaintiff's prior arrests, his arrest history may be relevant to his character for truthfulness and untruthfulness.  See Fed. R. Evid. 608(b).  Further, to the extent Plaintiff was convicted of a felony or if any conviction pertains to Plaintiff's character for truthfulness, such convictions are relevant and are discoverable.  See Fed. R. Evid. 609.  As such, Defendant respectfully requests that the Court compel Plaintiff to cure the deficiencies in his discovery responses.

Relatedly, Defendant submits that there is good cause to extend the discovery deadline.  Presently, the discovery deadline is on September 21, 2020—six days away.  Should the Court order Plaintiff to respond to the deficiencies in Plaintiff's discovery responses, it is unlikely that the responses will be received before the discovery deadline, which would preclude defense counsel from questioning Plaintiff about his previous arrests and convictions at his deposition.  Further, Defendant still is not in possession of releases for Plaintiff's medical and psychiatric records that were requested in Defendant's discovery requests.[1]  Plaintiff is claiming long-term damage to his knee and PTSD as a result of Defendant's actions.  As such, medical records of treatment to Plaintiff's knee prior or subsequent to the incident and Plaintiff's mental health records from prior or subsequent to the incident would reveal the true extent of Plaintiff's damages and whether Plaintiff had any preexisting condition applicable to his claimed injuries.  Once defense counsel receives the releases from Plaintiff, assuming that there are no

---

[1] At the parties September 11, 2020 meet and confer, Plaintiff represented that he sent the requested releases to defense counsel via mail on August 30, 2020.  However, to date, defense counsel has yet to receive Plaintiff's mailing.  In Defendant's discovery requests, Defendant requested that Plaintiff "[c]omplete and provide the annexed blank authorizations for release of plaintiff's medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received by plaintiff since the Incident and for the five years prior to the Incident, including treatment for any injury resulting from the Incident."

deficiencies, the discovery deadline will likely lapse before Defendant can send the releases to the applicable providers, receive the documents, and use those documents at a deposition of Plaintiff.  As such, an extension of time is necessary.

Accordingly, Defendant respectfully requests that the Court (1) order Plaintiff to respond to Defendant's interrogatories requesting him to identify his previous arrests and convictions, and provide a "global NY CPL 160.50" release by a date certain, and (2) extend the discovery deadline and all intermittent deadlines, from September 21, 2020 to November 5, 2020.  Thank you for your consideration of this matter.

Respectfully submitted,

*Joshua A. Weiner*

Joshua A. Weiner[2]
*Senior Counsel*

cc: **VIA FIRST-CLASS MAIL**
Boisey Caldwell
25 Elliot Place
Bronx, NY 10425

The Court is in receipt of the above letter (Dkt. #73) and Mr. Caldwell's letters dated September 7, 2020 (Dkt. # 72) and September 8, 2020 (Dkt. # 74). The Court intends to discuss ongoing discovery disputes during the conference previously scheduled for **October 1, 2020 at 10:00 a.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York, 10007. All deadlines in this matter are extended until that time.

The Clerk of Court is directed to mail a copy of this Order to the Plaintiff at his address of record.

SO ORDERED.

Dated: September 16, 2020
       New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

---

[2] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.