UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                     Plaintiff,

           -v.-

OFFICER GERMAN GERONIMO,

                     Defendant.

19 Civ. 8253 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    By letter dated September 11, 2020 (Dkt. #77), Plaintiff seeks to compel Defendant, represented by the New York City Law Department, to produce in discovery the City's complete "use of force records from 2010-2020." In Plaintiff's formulation, this includes records of all instances of excessive use of force and stop and frisk incidents involving the New York City Police Department (the "NYPD"), as well as settlement records. Plaintiff has reiterated this request in several subsequent letters. (*See* Dkt. #78, 80, 84, 85).

    On October 1, 2020, the Court held a conference to discuss discovery disputes in this matter. At that time, the Court ordered Defendant to produce certain disciplinary history records for Defendant Geronimo, but withheld a ruling on Plaintiff's broader request. Defendant filed objections to Plaintiff's request on October 6, 2020. (Dkt. #81). The matter is now ripe for resolution.

    Federal Rule of Civil Procedure 26 provides that a party may obtain discovery for any "matter that is relevant to the party's claim or defense and proportional to the needs of the case, considering," among other things, "the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Understanding Plaintiff's request to be for all records regarding complaints against the NYPD for excessive use of force or unlawful stop and frisks between 2010 and 2020, this essentially seeks discovery for a claim under *Monell* v. *Department of Social Services of City of New York*, 436 U.S. 658 (1978). *See, e.g.*, *Ivery* v. *Baldauf*, No. 14 Civ. 6401 (JWF), 2015 WL 13877948, at *2 (W.D.N.Y. Sept. 29, 2015) (requesting discovery of information for a ten-year period concerning civil rights lawsuits against the municipality, the police department, and any officers, and excessive force complaints made against any officer, in connection with a *Monell* claim). This Court, however, has already dismissed Plaintiff's claims against the City of New York, for failure to allege facts suggesting that the City has a policy, custom, or practice that resulted in the violation of his rights, as is required to state a *Monell* claim. (*See* Dkt. #5). As a result, Defendant Geronimo is the only defendant currently in this matter.[1]

---

[1] Following the Court's dismissal of Plaintiff's claims against the City of New York, Plaintiff did not seek to amend his Complaint to allege additional facts that might support a *Monell* claim. However, Plaintiff's recent filings with the Court suggest that he desires to pursue theories of municipal liability. Although his window of time to amend his Complaint as a matter of right has now passed, Plaintiff still may seek to do so with the Court's leave. *See* Fed. R. Civ. P. 15(a)(2). Should he choose to seek the Court's leave to amend, and should the Court grant such a request, Plaintiff is advised that he must meet the requisite pleading standards for *Monell* claims, which include alleging specific "facts to support [the] contention that the challenged actions were in any way related to a custom or policy promulgated by" a City agency. *Ying Jing Gan* v. *City of New York*, 996 F.2d 522, 536 (2d Cir. 1993); *see also D'Alessandro* v. *City of New York*, 713 F. App'x 1, 10-11 (2d Cir. 2017) (summary order) ("We do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." (internal quotation marks omitted)).

3

Ten years' worth of records about other unrelated incidents, officers, and claims will not resolve the question of whether the force used by Defendant Geronimo against Plaintiff was reasonable.  Further, the records for all actions, City-wide, in which there were allegations that plaintiffs were subjected to excessive force and/or unlawful stops, for a ten-year period, would amount to hundreds of thousands of pages of documents.  The universe of records relevant and proportionate to Plaintiff's discrete claims against Defendant Geronimo stemming from one specific incident in Morningside Park is instead much smaller.  Indeed, in the Court's view, the relevant records are limited to the disciplinary records for Defendant Geronimo that the Court already ordered Defendant to produce to Plaintiff.

Accordingly, Plaintiff's request for production of the City's use of force records from 2010 to 2020 is hereby DENIED.  The Clerk of Court is ordered to mail a copy of this Order to Plaintiff at his address of record.

SO ORDERED.

Dated:   October 15, 2020
         New York, New York

*Katherine Polk Failla*

    KATHERINE POLK FAILLA
    United States District Judge