


| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **QIANA SMITH-WILLIAMS**<br>*Senior Counsel*<br>Phone: (212) 356-2360<br>Fax: (212) 356-3509<br>Email: qwilliam@law.nyc.gov |

October 21, 2020

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    <u>Boisey Caldwell v. Officer German Geronimo</u>,
                19-CV-8253 (KPF) (SLC)

Your Honor,

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to represent defendant New York City Police Department Officer German Geronimo in the above-referenced matter. Defendant writes to respectfully request that Your Honor direct plaintiff to execute releases for the medical records pertaining to his preexisting knee injury.

      By way of background, plaintiff alleges that he was falsely arrested and subjected to excessive force. Specifically, he alleges that, on September 2, 2019, he was fishing in Morningside Park when he was confronted and tackled to the ground by Officer Geronimo and subsequently arrested. (<u>See</u> <u>Caldwell</u> Compl. 1-2 (ECF No. 2.)) On October 1, 2020, the Court held an in-person conference to address various discovery disputes. However, although defendant's letter dated September 15, 2020, sought, in part, to address the outstanding releases pertaining to plaintiff's preexisting knee injury at a discovery conference, defense counsel in attendance at the October 1 conference inadvertently failed to address the issue. Defendant sincerely apologizes for the oversight.

      In plaintiff's complaint, he alleges that he sustained a number of physical and psychological injuries as a result of the underlying incident, including, but not limited to, a knee injury. (<u>See</u> ECF No. 2.) In regards to his knee injury, plaintiff further alleges that he "had an ACL Reconstruction back in 1995 and [he] think[s] that it has been disturbed" by the incident. (<u>Id</u>.) As plaintiff is alleging that he sustained an injury to his knee on September 2, 2019, and that such injury may have exacerbated his previous ACL reconstruction, plaintiff's preexisting knee injuries are probative to the defense of this action and valuation of damages. Accordingly, plaintiff should be directed to execute HIPAA-compliant releases for the medical records

pertaining to any preexisting knee injury, including, but not limited to, the records concerning the ACL reconstruction on his knee in 1995.

Based on the foregoing, defendant respectfully requests that Your Honor order plaintiff to execute HIPAA-compliant releases for the records relating to any treatment for knee injuries sustained by plaintiff, including the records concerning plaintiff's ACL reconstruction surgery. Thank you for your attention to this matter.

Respectfully submitted,

*Qiana Smith-Williams*

Qiana Smith-Williams[1]
*Senior Counsel*

cc: **VIA FIRST-CLASS MAIL**
Boisey Caldwell
25 Elliot Place
Bronx, NY 10425

```
Application GRANTED.  Plaintiff is hereby ORDERED to execute HIPAA-
compliant releases for any medical records pertaining to any
preexisting knee injury, on or before November 5, 2020.

The Clerk of Court is directed to mail a copy of this Order to
Plaintiff's address of record.


Dated:   October 22, 2020                SO ORDERED.
         New York, New York
```

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

---

[1] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.