UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
BOISEY CALDWELL,

                            Plaintiff,

               -v.-                              19 Civ. 8253 (KPF)

OFFICER GERMAN GERONIMO,                              ORDER

                            Defendant.
```

KATHERINE POLK FAILLA, District Judge:

Plaintiff Boisey Caldwell, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against New York City Police Officer German Geronimo for use of excessive force. On October 15, 2020, the Court denied Plaintiff's request for ten years' worth of use of force records for the City of New York (the "City"). (Dkt. #86). The Court reminded Plaintiff that his claims against the City were previously dismissed for failure to allege facts suggesting that the City has a policy, custom, or practice that resulted in the violation of his rights, as is required to state claim under *Monell* v. *Department of Social Services of City of New York*, 436 U.S. 658 (1978). (*See* Dkt. #5).

The Court also informed Plaintiff that although the window of time to amend his Complaint as a matter of right had passed, he could seek to amend with the Court's leave under Federal Rule of Civil Procedure 15(a)(2). (*See* Dkt. #86). The Court advised Plaintiff, however, that if the Court provided Plaintiff with the opportunity to amend, he would need to meet the requisite pleading standard for *Monell* claims by alleging facts that indicate that a custom or

policy promulgated by a City agency resulted in Defendant Geronimo allegedly discriminating and using excessive force against Plaintiff.  (*See id.*).

Plaintiff has now filed several documents with the Court purporting to be an amended pleading for municipal liability and an affidavit in support of the amended pleading.  (Dkt. #91-93).  The Court interprets these documents as a motion for leave to amend and a proposed amended complaint that is intended to add a *Monell* claim against the City.  On October 6, 2020, the Court ordered Defendant to file any opposition to the motion to amend on or before November 20, 2020.  (Dkt. #94).  Defendant filed a letter in opposition on November 19, 2020, arguing that amendment would be futile and prejudicial to Defendant, and that Plaintiff has not shown good cause for seeking to amend outside the period permitted by the Scheduling Order.  (*See* Dkt. #95).

Federal Rule of Civil Procedure 15(a)(2) directs that courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "[I]f the plaintiff has at least colorable grounds for relief, justice does so require unless the plaintiff is guilty of undue delay or bad faith or unless permission to amend would unduly prejudice the opposing party."  *S.S. Silberblatt, Inc.* v. *East Harlem Pilot Block – Building 1 Hous. Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir. 1979).  Plaintiff seeks to amend approximately one year after the Court dismissed his claims against the City for failure to allege facts supporting a *Monell* claim (s*ee* Dkt. #5), and several months after the entry of the operative Civil Case Management Plan and Scheduling Order (Dkt. #46).  However, the

parties are still in discovery and there is no indication that Plaintiff acted in bad faith in not seeking to amend sooner. Mindful of the Plaintiff's *pro se* status, the Court does not believe his motion should be dismissed out of hand.

Accordingly, the Court moves on to the substance of Plaintiff's proposed amended complaint. A complaint filed by a *pro se* plaintiff "is to be construed liberally to raise the strongest arguments it suggests." *McCray* v. *Lee*, 963 F.3d 110, 116 (2d Cir. 2020) (internal alterations and quotations marks omitted) (quoting *Walker* v. *Schult*, 717 F.3d 119, 124 (2d Cir. 2013)). Nevertheless, courts will not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678-79 (2009). "To avoid dismissal pursuant to Rule 12(b)(6), [the complaint] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, *i.e.*, sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCray*, 963 F.3d at 117 (internal alterations and quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff's original complaint provided nothing more than conclusory statements in support of a municipal liability theory, and it is for this reason that the Court dismissed Plaintiff's claims against the City pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*See* Dkt. #5). Attempting to remedy this deficiency, Plaintiff's new pleadings assert that the City records he seeks in discovery would prove the existence of a "long record of abuse of power and racial

3

profiling and even total indifference to the lives of brown skin individuals," (Dkt. #92), and that "since 2011 to 2015 38 Police officers were found guilty of using excessive force" (Dkt. #91). He refers to Defendant Geronimo as the 39th officer "who used force unnecessarily." (Dkt. #92). The Court interprets these statements to mean that Plaintiff believes there is a City policy or custom of police officers using force in discriminatory ways against African American men like Plaintiff. The question is whether these allegations constitute sufficient factual matter to "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678.[1]

Defendant responds that Plaintiff's sole claim is for excessive force, and that "even if plaintiff had articulated a policy or practice pertaining to false arrest, stop, question and frisk, summonses, or discrimination . . . the purported *Monell* claim would still fail because these types of unrelated allegations have no bearing on the excessive force claim and cannot be said to be the driving force behind the alleged unconstitutional use of force." (*See* Dkt. #95). Furthermore, Defendant argues, Plaintiff has not drawn any connections between and among the alleged 38 prior instances of excessive force; a policy, custom, or practice of the City; and Defendant Geronimo's use of force against Plaintiff. (*See id.*).

---

[1] Plaintiff also points to a case in which the City entered into a settlement related to an alleged practice of police officers issuing criminal summonses without probable cause due to pressure to meet quotas. *See Stinson* v. *City of New York*, No. 10 Civ. 4228 (RWS) (S.D.N.Y. Jan. 23, 2017) (Dkt. #319). The Court finds *Stinson* to be irrelevant to Plaintiff's underlying excessive force claim, and Plaintiff has repeatedly renounced any false arrest claims. As a result, the Court will not rely on *Stinson* in determining whether Plaintiff has plausibly stated a *Monell* claim.

Even under the liberal standards applied to *pro se* pleadings, the Court finds that Plaintiff has not adequately remedied the deficiencies of his earlier pleadings and continues to rely on a variety of vague, unsupported, and irrelevant assertions. Therefore, Plaintiff's motion for leave to amend to add a *Monell* claim is DENIED. To the extent that Plaintiff seeks reconsideration of the Court's October 15, 2020 Order denying his motion to compel production of the City's use of force records, that request is also DENIED.

Defendant has requested that the deadline for close of all discovery be extended through January 19, 2021, in order to allow Defendant to obtain Plaintiff's relevant medical records and to conduct Plaintiff's deposition. (*See* Dkt. #95). That application is GRANTED.

Finally, the Court notes that it has repeatedly advised Plaintiff of the availability of *pro bono* legal assistance through the New York Legal Assistance Group. To date, Plaintiff has declined to seek assistance with his case, as is his right. Nonetheless, the Court again reminds Plaintiff of that opportunity.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff's address of record.

SO ORDERED.

Dated:   November 30, 2020
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge