UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

               Plaintiff,

-v-

OFFICER GERMAN GERONIMO,

               Defendant.

CIVIL ACTION NO.: 19 Civ. 8253 (SLC)

**OPINION & ORDER GRANTING
*PRO BONO* COUNSEL**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. BACKGROUND

On September 4, 2019, Plaintiff pro se Boisey Caldwell commenced this action under 42 U.S.C. § 1983 against Defendant German Geronimo, an officer with the New York City Police Department, alleging that he violated Mr. Caldwell's constitutional rights. (See generally ECF Nos. 1; 143). Mr. Caldwell has at all times been proceeding pro se in this action.

On August 27, 2021, the Honorable Katherine P. Failla issued an Opinion & Order (the "O&O") denying Mr. Caldwell's motion for summary judgment and granting in part and denying in part Defendant's summary judgment motion. (ECF No. 143). The O&O denied Defendant's motion for summary judgment with respect to Mr. Caldwell's excessive force claim. (Id.)

With the parties' consent, on December 27, 2021, this action was assigned to the undersigned to conduct all proceedings. (ECF Nos. 149–151). Absent a settlement, Mr. Caldwell's claim of excessive force against Defendant will proceed to trial. (See ECF No. 143). The parties have provided their availability and the Court has requested this case be placed on the Southern District's trial calendar for a date in the second or third quarter of this year. (ECF No. 153).

Yesterday, February 8, 2022, Mr. Caldwell filed a letter-motion requesting the appointment of counsel. (ECF No. 154 (the "Motion")). For the reasons set forth below, the Court GRANTS the Motion and respectfully directs the Clerk of Court to attempt to locate limited pro bono counsel for Mr. Caldwell to (1) represent him at trial, and in the forthcoming final pretrial hearing(s); and (2) to assist Mr. Caldwell in any settlement negotiations leading to trial.

## II. LEGAL STANDARD

Pursuant to Supreme Court and Second Circuit precedent, the Court must liberally construe pro se pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

Litigants unable to pay for counsel do not have a constitutional right to counsel in civil actions. Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008). The Court may grant pro bono counsel to a person who cannot afford one if her "'position seems likely to be one of substance.'" Id. (quoting Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997)).

The Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989); see Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986) (the Court should consider the litigant's ability to investigate the facts, need for cross-examination, complexity of the issues, and any special reason why appointment of counsel would more likely lead to a just determination). Of these, "[t]he factor which

command[s] the most attention [is] . . . the merits." Cooper, 877 F.2d at 172. As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper, 877 F.2d at 174.

The Second Circuit has stated that "counsel is often unwarranted where the [pro se litigant's] chances of success are extremely slim, and advised that a district judge should determine whether the pro se litigant's position seems likely to be of substance, or showed some chance of success." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003) (internal citation omitted). It is important that "[pro se] litigants seeking appointed counsel [] first pass the test of likely merit." (Id.) (internal citation omitted).

### III. DISCUSSION

The Court finds that the Hodge factors weigh in favor of the appointment of counsel. As a preliminary matter, Mr. Caldwell states that he is disabled, receives Supplemental Security Income ("SSI") benefits, and lives in supportive housing. (ECF No. 154 at 1). He attached to the Motion an invoice from the Social Security Administration purporting to reflect the payment of $783.00 in SSI benefits in January 2020. (Id. at 2). The Court also notes that Mr. Caldwell submitted SSI documentation in support of his September 4, 2019 motion for leave to proceed in forma pauperis, which was granted on November 7, 2019. (ECF Nos. 1, 3). The Court therefore finds that Mr. Caldwell is indigent.

Second, the Court finds that Mr. Caldwell's position may be "of substance," because his excessive force claim survived Defendant's motion for summary judgment (see ECF No. 143) and trial will entail the resolution of factual and legal questions.  See Graterol-Garrido v. Vega, No. 20 Civ. 4209 (JPC) (RWL), 2021 WL 791416, at *2 (S.D.N.Y. Mar. 1, 2021) (granting pro bono counsel application in advance of trial, finding that issues to be resolved at trial were "likely of substance," and legal assistance would lead to a quicker, more just result).

In addition, the Court has now set this case "for trial . . . and therefore the appointment of counsel is crucial to, inter alia, Plaintiff's 'ability to present the case' at trial and to conduct 'cross-examination [that] will be the major proof presented to the fact finder.'"  Liverpool v. Davis, No. 17 Civ. 3875 (KPF), 2021 WL 601653, at *2 (S.D.N.Y. Jan 29, 2021) (quoting Hodge, 802 F.2d at 61).  Thus, the appointment of trial counsel will "lead to a quicker and more just result by sharpening the issues and shaping examination."  Hodge, 802 F.2d at 61; see also Graterol-Garrido, 2021 WL 791416, at *2.

Until pro bono counsel is appointed, Mr. Caldwell is reminded that he may seek assistance from the New York Legal Assistance Group.  Additional information can be found online at nylag.org; by calling 212-613-5000; or by emailing info@nylag.org.  In addition, the United States District Court for the Southern District of New York has a Pro Se Intake Unit with information to assist individuals who are representing themselves in the Southern District without the assistance of an attorney.  Additional information can be found online at nysd.uscourts.gov/prose; by calling at 212-805-0175; or emailing Temporary_Pro_Se_Filing@nysd.uscourts.gov.  Mr. Caldwell is notified that the SDNY Pro Se Intake Unit will only temporarily accept emails as a response to the COVID-19 pandemic and will cease accepting emails once the pandemic subsides.

## IV. CONCLUSION

For the reasons stated above, Mr. Caldwell's Motion is GRANTED. The Clerk of Court is directed to attempt to locate pro bono counsel to: (1) represent him at trial, and in the forthcoming final pretrial hearing(s); and (2) to assist Mr. Caldwell in any settlement negotiations leading to trial. The Court reminds Mr. Caldwell that the Court relies on volunteers and has no funds to retain counsel in civil cases, and therefore there is no guarantee that a volunteer will agree to take on the case.

The Clerk of Court is also respectfully directed to mail a copy of this Order to Mr. Caldwell at the address below.

Dated:    New York, New York
          February 9, 2022

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

Mail To:    Boisey Caldwell
            25 Elliot Place
            Bronx, New York 10452