UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                        Plaintiff,

   -v-                                                 CIVIL ACTION NO.: 19 Civ. 8253 (SLC)

OFFICER GERMAN GERONIMO,                  **PRE-TRIAL ORDER – JURY TRIAL**

                        Defendant.

**SARAH L. CAVE,** United States Magistrate Judge**:**

This case has been scheduled to proceed to jury trial on **Monday, August 8, 2022** at **9:30 a.m.** The Court's Jury Administrator has designated this case as the third in line to proceed to trial on that date, but the parties are directed to prepare in anticipation that the trial will commence on the scheduled date. Accordingly, IT IS ORDERED that the following procedures shall govern the jury trial in this matter:

1. Prior to Trial

    a. The parties shall submit a Joint Pretrial Order in compliance with Section IV.C. of this Court's Individual Practices on or before **Friday, July 8, 2022**. The proposed Joint Pretrial Order shall be signed by all parties and include the following:

        i. The full caption of the action.

        ii. The names, addresses, telephone numbers (both office and cellular), and email addresses of each principal member of the trial team.

        iii. A brief statement by plaintiffs (or, in a removed case, by defendants) as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction, including citations to all statutes relied on and relevant facts, such as citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, including citations to all statutes relied on, but without recital of evidentiary matter.

v. With respect to each claim remaining to be tried, a brief statement listing each element or category of damages sought with respect to such claim and a calculation of the amount of damages sought with respect to such element or category.

vi. Any stipulations or agreed-to statements of fact or law.

vii. A statement by each party as to the witnesses whose testimony is to be offered in its case in chief, indicating whether such witnesses will testify in person or by deposition. Absent extraordinary circumstances, a party may not call as a witness in its case in chief any person not listed in the Joint Pretrial Order.

viii. A designation by each party of deposition testimony to be offered in that party's case in chief, referencing page and line numbers, with any cross-designations and objections by any other party. If there is no objection or cross-designation, the Court will deem the opposing party to have waived any such objection or cross-designation. Absent extraordinary circumstances, a party may not offer in its case in chief deposition testimony that is not listed in the Joint Pretrial Order.

ix. A list by each party of exhibits to be offered in its case in chief. Each exhibit shall be pre-marked (plaintiffs to use numbers, defendants to use letters). For each exhibit as to which there is an objection, the party objecting must briefly specify, next to the listing for that exhibit, the nature of the party's objection (e.g., "authenticity," "hearsay," "Rule 403"), and a copy of the exhibit shall be included with the Proposed Joint Pretrial Order. Any objection not listed shall be deemed waived. Absent extraordinary circumstances, a party may not offer in its case in chief any exhibit not listed in the Joint Pretrial Order.

x. A proposed schedule by which the parties will exchange demonstrative exhibits that the parties intend to use at trial, notify each other of any objections thereto, consult with each other regarding those objections and notify the Court of any remaining disputes.

xi. All other matters that the court may have ordered or that the parties believe are important to the efficient conduct of the trial.

    b. On or before **Friday, July 15, 2022** each party shall submit any applications for rulings in limine.

    c. On or before **Friday, July 22, 2022**, the parties shall deliver to the Court (with a copy to their adversary) a binder or binders containing:

        i. an index of that party's proposed exhibits (by number or letter) and, following each listed exhibit, a title of the exhibit, followed by a notation indicating whether the other party has made an objection to that exhibit and on what basis;

        ii. a copy of each of the party's proposed exhibits ordered sequentially;

        iii. following the exhibits, a copy of any deposition testimony the party intends to offer in its case in chief (i.e. not for impeachment); and

        iv. copies of any charts or other demonstrative evidence the party intends to display at trial. If a document is too bulky to be placed into the binder, it may be submitted separately in an unsealed envelope or redweld marked with the exhibit number, or on a disk.

    The parties shall add page numbers to any exhibit of more than 5 pages that does not already contain page numbers.
    Note: No exhibit is in evidence unless it is offered at trial and admitted into evidence by the Court.

2. **To provide the described materials by the above due date, the parties must cooperate in the preparation of these materials and their preparation must begin well in advance of the due date**. In the rare event that a lack of cooperation makes a joint submission impossible, each party is required to submit its own proposals separately on the due date. The Court will thereafter issue an appropriate sanction to the party or parties that it determines failed to cooperate.

Extensions off the due dates are granted only in instances where there has been an unforeseeable emergency. The parties are warned that their failure to comply with this order may result in sanctions, including but not limited to dismissal, judgment by default, a monetary sanction, or contempt.

3. Summary of filing procedures:

    a. The following document shall be filed on ECF:
        i. Proposed Joint Pretrial Order.

      ii. Trial Memorandum of Law (if any).[1]

  b. The following items shall be sent to Chambers without filing:
      i. The binder described in paragraph 1.c.
      ii. copies of any expert witness declarations or affidavits.

4. <u>Conduct of Trial</u>

   a. Trial in this case is set to begin on **Monday, August 8, 2022 at 9:30 am**, continuing to August 9, 2022 and August 10, 2022, if necessary. On the first day of trial, counsel must arrive at 9:30 am in Courtroom 18A, 500 Pearl Street. Plaintiffs' first witness on the first trial day must be ready to testify at that time. On all subsequent days, counsel must arrive at the time directed by the Court. If at any time an emergency prevents counsel's prompt attendance, counsel should call the courtroom immediately at (212) 805-0109 or Chambers at (212) 805-0214.

   b. When a party's case commences, that party is expected to have witnesses available <u>to fill the trial day</u> as described in the preceding paragraph. Counsel are warned that if they do not have a witness available to testify at any point during the trial day, <u>the Court may deem the party to have rested</u>. Any requests to schedule a witness out of order or for a particular day must be made by a letter application that states the opposing party's position and that is sent (1) prior to trial and (2) as soon as counsel is aware (or should have been aware) of the limited availability of that witness. Untimely applications will be denied. Counsel are expected to be diligent in inquiring as to the availability of all witnesses (including expert witnesses) to ensure compliance with this paragraph.

   c. The Court will accept brief opening statements unless neither party desires to make such a statement.

   d. Speaking objections are prohibited. Counsel shall say the word "objection" followed by a brief word or phrase to indicate the nature of the objection (for example, "objection, hearsay" or "objection, Rule 403"). The Court will not normally conduct a sidebar during the trial. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court outside the presence of the witness — normally in advance of the witness's testimony.

   e. Only one counsel may question a particular witness or address the Court with respect to that witness, including making objections to opposing counsel's

---

[1] If these items are not filed in a text searchable format on ECF, they must be submitted to Chambers in such a format on a CD, or via e-mail to the Chambers inbox at Cave_NYSDChambers@nysd.uscourts.gov.

    examination of that witness.  No witness (or other party) shall be referred to by first name unless that witness is a minor.

    f.   Deposition testimony offered in lieu of live testimony will not be read aloud.

    g.  Defendants' counsel will give a closing argument first, followed by Plaintiffs' counsel.  The Court may ask questions of counsel during such arguments.

    h.  Counsel should make certain that they have custody of all original exhibits.  The Court does not retain them and the Clerk of Court is not responsible for them.

    i.   If a witness needs an interpreter, the party calling such witness must arrange for the presence of a certified simultaneous interpreter.  Similarly, a party needing an interpreter must arrange for the presence of a such an interpreter.

    j.   In the event post-trial briefing is ordered, the parties will be required to give page citations to the transcript for any factual contentions (including, for example, citations to support proposed findings of fact).  The Court warns the parties of this requirement so that they may make appropriate arrangements to order the transcript.  At or prior to the commencement of trial, the parties may inquire of the Court whether the Court will require post-trial briefing.

    k.  Post-judgment motions must be made within the time set by the applicable rules.

5. <u>Final Pretrial Conference</u>

    a.  A Final Pretrial Conference is scheduled for **Monday, August 1, 2022 at 11:00 am** on the Court's conference line.  The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.

Dated:       New York, New York
               June 7, 2022

                                           SO ORDERED.

                                           */s/ Sarah L. Cave*
                                           **SARAH L. CAVE**
                                           **United States Magistrate Judge**