UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────
BOISEY CALDWELL,

                     Plaintiff,

-v-                                                      CIVIL ACTION NO.: 19 Civ. 8253 (SLC)

                                                                      **ORDER**

OFFICER GERMAN GERONIMO,

                     Defendant.
─────────────────────────────────────────────

**SARAH L. CAVE, United States Magistrate Judge:**

On August 1, 2022, the parties appeared for the final pre-trial conference (the "Final Pre-Trial Conference") and for oral argument on the motions in limine ("MIL") (ECF Nos. 189, 191). For the reasons stated on the record at the hearing, the Court orders as follows:

1. Plaintiff's MIL point 1, which sought to preclude evidence of Plaintiff Boisey Caldwell's ("Mr. Caldwell") criminal history, is GRANTED.

2. Plaintiff's MIL point 2, which sought to preclude evidence of Mr. Caldwell's past litigation history, is GRANTED AS UNOPPOSED.

3. Plaintiff's MIL point 3, which sought to admit evidence of two other cases in which Defendant Officer Geronimo German ("Officer Geronimo") was named as a defendant is DENIED, and the Court reserves decision on Plaintiff's request to admit evidence of disciplinary history relating to an improper memo book entry.

4. Plaintiff's MIL point 4, which sought to admit Mr. Caldwell's medical treatment records from Mt. Sinai (ECF No. 186-6) is GRANTED, subject to the parties meeting and conferring by **Thursday, August 4, 2022** about redactions of abbreviations, prior medical conditions, and diagnoses.

5. Plaintiff's MIL point 5, which sought to admit records from the District Attorney, County of New York (ECF No. 186-5), is DENIED.

6. Defendant's MIL point 1, which sought to exclude references to dismissed claims including, inter alia, whether Officer Geronimo (i) had probable cause to arrest Mr. Caldwell, or (ii) should have issued Mr. Caldwell a summons instead of placing him under arrest, is GRANTED.

7. As to Defendant's MIL point 2, which sought to exclude evidence of Officer Geronimo's disciplinary history, the Court reserves decision as set forth above.

8. Defendant's MIL point 3, which sought to preclude Mr. Caldwell from seeking more than garden variety emotional damages, is DENIED WITHOUT PREJUDICE to renewal at the close of the evidence.

9. Defendant's MIL point 4, which sought to preclude Mr. Caldwell from requesting a specific dollar amount from the jury, is GRANTED.

10. Defendant's MIL point 5, which sought to preclude Mr. Caldwell's counsel from referring to Officer Geronimo's counsel as "City Attorneys," or otherwise making reference to indemnification, is GRANTED IN PART.  For purposes of voir dire, the Court will use the term "Office of Corporation Counsel" to identify Officer Geronimo's counsel.  During trial, the parties shall refer to one another as "Plaintiff's Counsel", "Defendant's Counsel", or use their names.

11. The Court reserves decision on Defendant's MIL point 6, which sought to preclude the introduction of the New York City Police Department's Patrol Guide (the "Patrol Guide") (ECF Nos. 12–13).

The Court also heard oral argument on the parties' objections to the proposed trial exhibit (ECF Nos. 186-1 – 186-18).  For the reasons stated on the record at the hearing:

1. Plaintiff's Exhibit 1, (see ECF No. 186-1) is admitted for purposes of trial, and may be offered for evidentiary purposes.

2. Plaintiff's Exhibit 2, (see ECF No. 186-2) is excluded for purposes of trial, and may not be offered for evidentiary purposes.

3. Plaintiff's Exhibit 3, (see ECF No. 186-3) is admitted for purposes of trial, and may be offered for evidentiary purposes.

4. Plaintiff's Exhibit 4, (see ECF No. 186-4) is admitted for purposes of trial, and may be offered for evidentiary purposes.

5. Plaintiff's Exhibit 5, (see ECF No. 186-5) is excluded for purposes of trial, and may not be offered for evidentiary purposes.

6. Plaintiff's Exhibit 6, (see ECF No. 186-6) is admitted for purposes of trial, subject to the parties meeting and conferring by **Thursday, August 4, 2022** about redactions of abbreviations, prior medical conditions, and diagnoses.

7. The Court reserves decision on Plaintiff's Exhibits 7, 8, and 9, pending the parties meeting and conferring to identify the specific segments they intend to introduce.

8. The Court reserves decision on Plaintiff's Exhibit 10, pending receipt of the Memo Book Notes of Officer Jessica Gutierrez (the "Gutierrez Memo Book").

9. Plaintiff's Exhibit 11, (see ECF No. 186-11) is excluded for purposes of trial, and may not be offered for evidentiary purposes.

10. The Court reserves decision on Plaintiff's Exhibits 12 and 13 (i.e. excerpts from the NYPD Patrol Guide).  (ECF No. 186-12 – 186-13).

11. Plaintiff's Exhibit 14, 15, and 16, (see ECF No. ECF No. 186-14 – 186-16) are excluded for purposes of trial, and may not be offered for evidentiary purposes.

12. The Court reserves decision on Plaintiff's Exhibit 17, pending receipt of the photographs.

With respect to pre-trial logistics, the Court instructs the parties as follows:

1. The parties shall order an expedited transcript of the Final Pre-Trial Conference.

2. By **Tuesday, August 2, 2022**, Officer Geronimo's counsel shall email to the Court's chambers inbox (Cave_NYSDChambers@nysd.uscourts.gov) a copy of the Gutierrez Memo Book, Plaintiff's Exhibit 17, and the most recent draft of the jury instructions, in word format.

3.  By **Thursday, August 4, 2022**, the parties shall meet and confer regarding the deposition transcript excerpts they propose to offer as evidence, based on this Court's MIL ruling at the Final Pre-Trial Conference.

4. The parties' counsel and IT personnel may visit the courtroom on **Thursday, August 4, 2022 at 2:30pm**.  Visitors are instructed to arrive outside the courtroom five minutes prior to the designated meeting time on the 23rd floor, outside of Courtroom 23B.  The parties are further instructed to bring any equipment or materials that they will need to test for compatibility with the courtroom's technological infrastructure. The parties will be allotted one hour to test equipment and identify any technological issues.

5. A further Final Pretrial Conference is scheduled for **Friday, August 5, 2022 at 5:00 pm** on the Court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.

The Clerk of Court is respectfully directed to close ECF Nos. 189 and 191.

Dated:    New York, New York            SO ORDERED.
          August 1, 2022

*Sarah L. Cave*
**SARAH L. CAVE**
**United States Magistrate Judge**