UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                    Plaintiff,

   -v-

OFFICER GERMAN GERONIMO,

                    Defendant.

CIVIL ACTION NO.: 19 Civ. 8253 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

As discussed in yesterday's final pre-trial conference, (see ECF min. entry Aug. 1, 2022), the Court proposes, at the beginning of Voir Dire, to give certain instructions to the venire.  The Court has also reviewed and revised the parties' proposed list of voir dire questions.  The parties are directed to review the Court's proposed Voir Dire instructions and questions, attached hereto, and be prepared to discuss during the conference on Friday August 5, 2022 (see ECF No. 200), any additions or clarifications.

Dated:      New York, New York
             August 2, 2022

                       SO ORDERED.

                       _____
                       SARAH L. CAVE
                       **United States Magistrate Judge**

UNITED  STATES  DISTRICT  COURT
SOUTHERN DISTRICT OF NEW YORK

_____

BOISEY CALDWELL,

                              Plaintiff,


             -v-                                                          No. 19-CV-8253 (SLC)


OFFICER GERMAN GERONIMO,

                              Defendant.

_____

### VOIR DIRE INSTRUCTIONS: PROSPECTIVE JURORS

### Introduction

Members of the panel, good morning, I am Judge Cave. Before we begin, please raise your right hands, and I will ask my deputy to swear you in.

I want to thank all of you for performing your civic duty during COVID. We have taken many precautions to ensure the Courthouse is safe for proceedings. If you have any concerns or questions in this regard, please don't hesitate to raise them with me or my deputy. We are here today to select a jury of 8 people to hear a civil trial. The trial is expected to take approximately 3 days, after which the jury will deliberate and determine its verdict. We will start today and continue each work day until the trial is done.   Jurors will be expected to report to Court by 9:30 a.m. Trial will end each day by no later than 5 p.m.  If you have commitments during the next week that conflict with this schedule, we are going to ask you to move them.

To make certain that we select a fair and impartial jury, I will be asking a series of questions to everyone here.  The purpose of these questions is to enable us to select a jury that will be fair and impartial in this case. My questions to you, and your answers to them, are not evidence in this case, and you should not regard them, or any thoughts that they may raise in your minds, as having any bearing upon the case. The questions are not meant to embarrass you in any way but only to elicit the basic information necessary to permit the parties to make an informed choice of jurors in the case.

The law gives to the parties a certain number of peremptory challenges—in other words, each party has the right to ask the Court to excuse a certain number of the prospective jurors without stating any reason. In addition, the Court has the right to excuse prospective jurors for reasons that appear to the Court to be inconsistent with the interests of fairness and justice in respect to the matters to be tried.

If you happen to be one of those excused after having had your name called as a prospective juror, do not consider this as any reflection whatsoever on you or on the potential quality of your service. This is all part of our American system of justice and is fair to both sides. Just by being here this morning, you have done your full duty by your presence, availability, and readiness to serve if required.

### Voir Dire Questions

Under your oath, you are obligated to give fair and truthful answers to the questions I am about to ask. It is your solemn duty to serve as a fair and impartial juror if you are able to do so, but it is equally your solemn duty not to serve if for any reason you cannot be fair and impartial.  Accordingly, it is your duty to disclose to this Court any fact or belief that might

prevent you from serving as a fair and impartial juror in this case.

It is very important, however, that you not say in open Court, or to one another, anything about the parties in this case or about any matter which might tend to impair the open- mindedness and fairness of the other members of the panel. ***If there are matters that you believe you should disclose but that might tend to influence the other jurors, please ask to approach the bench to discuss them. Also, if any questions call for personal information that you would rather not mention in front of everyone in Court, simply tell me that you would like to approach the bench.***

If at any time those of you in the back of the room cannot hear me, please raise your hand. I will now ask you some general questions. Please raise your hand if your response to any of these questions is "yes".

1. **Do you have any difficulty understanding or speaking English that would interfere with your ability to participate as a juror in this proceeding?**

2. **Do you have any difficulty with your hearing that would interfere with your ability to participate as a juror in this proceeding?**

3. **Do you have any difficulty with your vision that would impair your ability to participate as a juror in this proceeding?**

4. **Are you on any medication or do you have any health condition that would impair your ability to participate as a juror in this proceeding?**

5. **Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or a company?**

6. **Do you have any personal beliefs, religious, political or otherwise, that would affect**

your ability to accept the instructions of law that I will give you in this case?

7. This trial is expected to last 2-3 days, starting today, and we will be in session each day from 9:30 a.m. until 5:00 p.m., so I will be asking you to arrive no later than 9:00 a.m. so we can start on time.  Is there anyone for whom this would create a serious life difficulty such that serving on the jury would be extremely burdensome, either because of an unavoidable scheduling conflict or because of a serious problem getting to the courthouse?

8. The Plaintiff in this case is Boisey Caldwell, [have him stand]. Is anyone acquainted with the Plaintiff?

9. The Plaintiff is represented by Edward Spiro, Nicole Buseman, and Russell Feldman, who will now stand and face you. Is anyone acquainted with these individuals?

10. They for work for a law firm named Morvillo Abramowitz Grand Iason & Anello PC. Is anyone familiar with that law firm?  [Do you know anyone who works for this firm? Who?]

11. The Defendant in this case is Officer German Geronimo. Is anyone acquainted with Mr. Geronimo?

12. Defendant is represented by Jeffrey Frank and Elida Alfaro who will now stand and face you. Does anyone know or has anyone heard of these attorneys? Mr. Frank and Ms. Alfaro work for the Office of Corporation Counsel—do you know anyone who works in that office?  Who?

13. Does anyone know me, or any of my staff?

14. In addition to the parties and attorneys, the following individuals may be referred to

**or called as witnesses or may be mentioned in the context of this case. Do any of you know, or have you had any dealings, either directly or indirectly, with, or have you heard of any of the following individuals, or members of their families or associates or friends of theirs:**

**a.     Police Officer Jessica Gutierrez**

**b.     Police Officer Eleodoro Mata**

**c.     Sergeant Bautista**

[**If yes:** are you able to set aside whatever you have heard or whatever dealings you have had with those individuals and decide the case on the evidence that you hear and the law as stated to you by this Court?]

**15. Are you familiar with Morningside Park?**

**16. As you look around the room, do you recognize anyone you know?**

<u>**Description of the Case and General Principles of Law**</u>

I am now going to explain a little bit about what this case is about. Mr. Caldwell has sued a New York City Police Officer, German Geronimo, in connection with Mr. Caldwell's arrest on September 2, 2019 in Morningside Park in Manhattan.  Mr. Caldwell alleges that Officer Geronimo violated his constitutional rights by using excessive force during his arrest.

In a civil case, such as this one, the PLAINTIFF has the burden of proving his case by a preponderance of the credible evidence. To establish facts by a preponderance of the evidence means to prove that the facts are more likely true than not true.  This concept of preponderance  of the evidence is often illustrated with the idea of scales. If you find that the

5

evidence on any issue is balanced evenly and equally in favor of the plaintiff and the defendant, that is to say, if the scales are evenly balanced, then the plaintiff, who has the burden of proof in this case, would NOT have sustained his burden and the case must be decided in favor of the defendant. Similarly, if the scales tilt in favor of the defendant, then the case must be decided in favor of the defendant.

However, if the scales tilt in favor of the plaintiff, that would constitute a preponderance of the credible evidence and the legal burden of proof would be satisfied. In that instance, the case must be decided in favor of the plaintiff. Defendant will similarly need to prove his defense by a preponderance of the evidence.

Under our system of law, the facts are for the jury to determine and the applicable law is for the Court to determine, meaning myself. These two areas are separate and distinct. At the end of the case, I will instruct those of you who are selected as jurors in detail as to the law and burden of proof applicable to this case. You are required to accept the law as I explain it to you. If selected, it will be your job as jurors to determine the facts based solely on the applicable rules of law. You must not substitute your own notions of what the law is or what you think it should be.

I am now going to ask you additional questions and we will follow the same process as we did earlier.  Please raise your hands if your answer to any of the questions is yes. Again, if in response to any follow up questions you would like to speak about a matter privately, you may ask to approach the bench.

1. **Do you have any personal knowledge of the allegations in this case as I have described them?**

6

2. Have you seen, read, or heard anything about this case through the media, the Internet, or any other source that you think for any reason, would make it difficult for you to be a fair and impartial juror in this case?

3. Is there anything I have said to you so far about this case that would cause you to be unable to render a fair and impartial verdict?

4. As I mentioned earlier, the facts are for the jury to determine and the law is for the Court to determine.  At the end of the case, I will instruct you on the law, and you are required to accept the law as it is explained to you.  It will be your job to determine the facts under my explanation of the law.  You must apply the law as I instruct you, even if you personally believe that the law ought to be different.  Would you have any difficulty following my instructions on the law?

5. In the eyes of the law, all parties, whether individuals or corporations, are to be treated the same way. If selected as a juror, would you accept and apply this principle of law?

6. Would you place blame on either Plaintiff or Defendant for having to sit on this jury during the ongoing COVID-19 pandemic?

7. Under the law, a plaintiff is entitled to seek money damages if he meets the burden of proving his case and is not entitled to seek money damages if he fails to meet the burden of proving his case. Do you have any feelings about lawsuits seeking money damages that would affect your ability to be fair to both plaintiff and the defendant in this case?

8. Have you, any family member, or any close friend ever been employed by a New

York City Agency such as the police department, fire department, or sanitation department?  If so, what positions and when?  Is there anything about this that would make it difficult for you to be a fair and impartial juror in this case?

9.  Have you or any family member or any close friend ever been employed by any other police department (e.g. New York State Police, Port Authority) or law enforcement agency (e.g. FBI, U.S. Marshals, DEA)?  If so, when?   Is there anything about this that would make it difficult for you to be a fair and impartial juror in this case?

10. Have you or any family member ever been employed by a local, state, or federal agency?  If so, what position and when?  Is there anything about this that would make it difficult to be a fair and impartial juror in this case?

11. Have you, any family member, or any close friend ever had any interaction with members of the NYPD or any other police department or law enforcement agency?  If so, when and what was the nature of that interaction?  Is there anything about that experience that would make it difficult for you to be a fair and impartial juror in this case?

12. Have you formed an opinion about NYPD officers or any other police officers or law enforcement agency?  If so, please describe?  Is there anything about that experience that would make it difficult for you to be a fair and impartial juror in this case?

13. Do you have any negative views or biases against the NYPD or its officers?

14. If a citizen and a police officer gave conflicting testimony about the same incident, would you be inclined to believe one side or the other?

16. Have you ever studied or practiced law or worked in any capacity for a law office?

17. Do you, or does anyone close to you, work or have experience in the legal field or court system?

18. Do you have any opinion or attitude about lawyers in general that will make it difficult for you to be fair and objective in this case?

19. Have you, or has anyone close to you, ever brought a lawsuit against anyone?

20. Have you, or has anyone close to you, ever been involved in a lawsuit?

21. Have you, or has anyone close to you, ever appeared as a witness either at a trial or at another legal proceeding such as a deposition or before a grand jury?

22. Have you, any family member, or any close friend ever been the victim of a crime?

23. Do you have any doubts about your ability to render a verdict in favor of the plaintiff or defendant, regardless of any sympathy you might have for any of the parties, if the law and evidence warrants such a result?

24. If you are selected to sit on this case, is there any reason you could not render a verdict solely on the evidence presented at the trial and in the context of the law as I give it to you and not based on any other ideas, notions or beliefs about the law you may have?

25. Do you know of any reason you could not render a fair and impartial verdict in this case?

26. Do you know of any reason why you should not sit as a juror in this case?

27. Have you ever served as a juror in any court?  In what court?  Was it civil or criminal?

**Did the jury reach a verdict?**

28. **In which borough, town, or neighborhood do you live?**

29. **How long have you lived at that address?  Do you own or rent?**

30. **What is your marital status?**

31. **Do you have any children?  If so, how many and what are their ages?**

32. **Are there other members of your household?  If they are old enough, where are they employed?**

33. **How far did you go in school?**

34. **Are you or have you ever been employed? What is/was your current occupation? How long have you been employed by your current employer? What type of work did you do before that? For whom?**

35. **Prior to that occupation, what other occupations have you held?**

36. **What newspapers and magazines do you read on a regular basis?**

37. **What tv shows or movies do you watch on a regular basis?**

38. **What websites do you visit on a regular basis?**

39. **Are you active on any social media?**

40. **Who is one famous person, living or deceased, whom you admire, and why?**

41. **Is there anything else the Court should know about that might impact your ability to serve?**