UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                              Plaintiff,

        -v-                                           CIVIL ACTION NO.: 19 Civ. 8253 (SLC)

                                                             **ORDER**

OFFICER GERMAN GERONIMO,

                              Defendant.

**SARAH L. CAVE, United States Magistrate Judge:**

On Monday, August 8, 2022, the parties appeared before the Court to address all outstanding issues from the conference held on Friday, August 5, 2022 (the "Final Pre-Trial Conference").  For the reasons stated on the record at the hearing, the Court orders as follows:

1. Plaintiff's Exhibit 7 from 0:00–3:15, and 5:00–6:00 is admitted, and may be offered for evidentiary purposes.

2. Plaintiff's Exhibit 8 from 0:00–3:35, and 4:05–4:30 is admitted, and may be offered for evidentiary purposes.  Plaintiff's Exhibit 8, from 6:03–6:30 is excluded for purposes of trial, and may not be offered for evidentiary purposes.

3. Plaintiff's Exhibit 9 from 0:00–1:06, 1:25–2:00, 3:33–3:48    is admitted, and may be offered for evidentiary purposes

4. During the Final Pre-Trial Conference, Plaintiff expressed a desire to seek punitive damages, a request that Defendant opposed principally on the ground that Plaintiff did not allege punitive damages in the Complaint.  The Court has reviewed Plaintiff's complaint and finds that, even generously construing the Complaint given Plaintiff's pro se status at the time he filed it, he did not request punitive damages.  Although Plaintiff's

requested damages were very large, $100,000,000, a large damages number, in and of itself, does not equate to a demand for punitive damages.

Nevertheless, District Courts in this Circuit have "allow[ed] the jury to decide issues of liability and compensatory damages first, and then present instructions regarding punitive damages, if applicable." Villar v. City of N.Y., No. 09 Civ. 7400 (DAB), 2017 WL 4512507, at *6 (S.D.N.Y. Sept. 25, 2017); see Scoma v. City of N.Y., No. 16 Civ. 6693, 2021 WL 1784385, at *14 (E.D.N.Y. May 4, 2021) (collecting cases). Any argument concerning the sufficiency of the evidence of a claim for punitive damages is premature before the witnesses have testified, and the Court therefore concludes that "it is inappropriate to make [the] determination [whether to give a punitive damages charge] before the court has the opportunity to evaluate the trial evidence." Scoma, 2021 WL 1784385, at *14. Accordingly, the Court will reserve decision on the issue whether to give a punitive damages charge until after the parties have rested, which is what Judge Matsumoto did in Scoma. "Until that point, plaintiff's counsel is to refrain from mentioning punitive damages to the jury." Id. at 14. And Defendant's motion to exclude a punitive damages charge is denied without prejudice to renewal following the close of the evidence.

Dated:     New York, New York          SO ORDERED.
           August 8, 2022

_Sarah Cave_
**SARAH L. CAVE**
**United States Magistrate Judge**