UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                         Plaintiff,

-v-                                         CIVIL ACTION NO.: 19 Civ. 8253 (SLC)

                                                   **PRELIMINARY JURY INSTRUCTIONS**

OFFICER GERMAN GERONIMO,

                         Defendant.

**SARAH L. CAVE, United States Magistrate Judge:**

       Members of the jury, now that you've been sworn in as our jury, I want to briefly tell you something about your duties as jurors and give you some instructions.

       At the end of the trial, I'm going to give you more detailed instructions about the law, and those instructions will control your deliberations. At the end of the presentation of all the evidence and my final charge to you, it will be your duty to decide from the evidence what the facts are and then to apply the law to those facts. In doing so, you must follow the law as I give it to you. Remember, you are the sole judges of the facts.

       You must not take anything I say or do during the trial as indicating what your verdict should be. Don't be influenced by my taking notes or looking at something on my computer. What I do may have nothing to do with this trial or with what you will be concerned with at the trial.

       First, a word about evidence. You will decide what the facts are from the evidence that will be presented here in court. That evidence may also consist of the testimony of witnesses, documents, and other things received into evidence as exhibits, and any facts on which the lawyers may stipulate. If they stipulate to something, that just means they agree on a fact and

I'll tell you what the fact is or they'll tell you what the fact is and that it's stipulated, that is, no one disagrees with it.

There are two kinds of evidence: direct and circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none. It is up to you to decide how much weight, if any, to give to any evidence.

At times during the trial I may sustain objections to questions that are asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I will instruct you that the answer must be stricken from the record and that you must disregard it and dismiss it from your minds. In reaching your decision, you may not draw any inference from an unanswered question, nor may you consider in your deliberations testimony that I have ordered stricken from the record. The law requires that your decision be made solely upon the evidence before you. The items I exclude from your consideration will be excluded because they are not legally admissible as evidence. The law does not, however, require you to accept the credibility of all the evidence that I do admit. Rather, in determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and of the documents that may be presented to you, and it's up you to determine what weight, if any, you choose to give to each witness's testimony or to an exhibit. There is no magic formula by which you should evaluate testimony or exhibits.

At this time, you bring with you to this courtroom all of the experience and background of your lives.  You do not leave your common sense outside the courtroom.  You may use your common sense in your deliberations.  The same types of tests that you apply in your everyday dealings are the tests that you apply in your deliberations.

Now, what is not evidence? The questions and objections of the attorneys are not evidence and neither is the testimony that I instruct you to disregard. The statements and arguments of the attorneys during any part of the trial are also not evidence.  Further, anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses, is not evidence.  Only what is admitted into evidence here when court is in session and all the parties and jurors are present is evidence, competent evidence.

I also want to caution you briefly about certain principles that govern your conduct as jurors during this trial.

First, as I mentioned, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

Second, do not talk with anyone else about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and friends.  Of course, someone might ask you what you're doing this week and you can say you're on a jury in a civil case in federal court, but please do not tell them

anything else beyond that general description until after you've already been discharged when the case is done.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone tries to talk to you, as I mentioned, please do not talk to them. If someone involved in the case does try to talk to you, please report it to me or my deputy. This includes the lawyers and the witnesses in the case, who I have instructed not to talk to you. If you do happen to run into one of the lawyers or the witnesses in the hallway or the elevator, don't speak to them and they won't speak to you. It doesn't mean they're being rude. It means that I told them not to talk to you while the trial is going on and they are complying with my instruction.

Fourth, do not read any newspaper or Internet stories or articles or listen to any radio or television programs about anyone or anything having to do with this case. I don't have any reason to believe there's going to be media coverage regarding this trial, but if do you run across something about the case or about any of the parties or the witnesses, please do not view it.

Fifth, do not do any research or any investigation about the case on your own. As I've said a couple times now, what matters is what you hear and see here in the courtroom. Also, please do not use any social media to do any research on the case or to comment about the trial. This means you are not to use Facebook, Instagram, or Twitter or any social media site to talk about the conduct of the trial or your deliberations. The parties are entitled to have you personally render a verdict in this case based on your independent evaluation of the evidence presented here in the courtroom. Speaking to others about the case, including family members, before you deliberate, or exposing yourself to evidence outside the courtroom, would compromise your service and fairness to the parties.

A word about the burden of proof. Please remember that this is a civil case. In a civil case, the burden of proof is different from that in a criminal case. In a civil case, the burden of proof is called "*proof by a preponderance of the evidence.*" I will instruct you fully on what that burden of proof means after all the evidence has been received in trial.

Finally, I'd like to summarize briefly the stages of the trial. First, each side may make an opening statement. An opening statement is not evidence or argument. It is an outline of what that party intends to prove, and it is offered to help you follow the evidence. Next, the plaintiff will start by presenting witnesses and the defendant may cross-examine the witnesses. Then the defendant may present witnesses and the plaintiff may cross-examine them. Now, some of these witnesses may be going out of order. In theory, the plaintiff's case goes first and then the defendant's case goes, but sometimes, for reasons of convenience of the witnesses, we'll be taking witnesses out of order, because if one witness is going to be called both in the plaintiff's and defendant's case, then they may do both parts of that testimony at one time. You don't need to worry about the order. At the end of the trial, you're going to consider all the evidence and decide the case. Finally, the attorneys will have a chance to make closing arguments to summarize and give you their interpretation of the evidence. Just like with the opening statements, the closing arguments are not evidence. After the closing summations, I will give you instructions on the law and then you will retire to the jury room to deliberate on your verdict.

Please do not make up your mind about the verdict until after I've instructed you and after you've heard all the evidence. Keep an open mind until that time. Both parties deserve, and the law requires, that you give them an opportunity to be fully heard before you make up your mind.

Dated: New York, New York  　　　　　SO ORDERED.
　　　　August 8, 2022

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

6