UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

                              Plaintiff,

              -v-                                              CIVIL ACTION NO.: 19 Civ. 8253 (SLC)

                                                              **ORDER**
OFFICER GERMAN GERONIMO,

                              Defendant.

**SARAH L. CAVE,** United States Magistrate Judge.

        After a three-day trial, a jury found in favor of Defendant.  The Clerk of Court is respectfully

directed to upload to ECF the Court Exhibits from trial, each of which is attached to this order:

- Court Exhibit 1:        Voir Dire Instructions and Questions
- Court Exhibit 2:        Juror Pledge
- Court Exhibit 3:        Preliminary Jury Instructions
- Court Exhibit 4:        Draft Jury Charge
- Court Exhibit 5:        Draft Verdict Form
- Court Exhibit 6:        Jury Charge
- Court Exhibit 7:        Verdict Form
- Court Exhibit 8:        Verdict Form (Completed by Jury)

Dated:      New York, New York
            August 10, 2022

                                                              _____
                                                              **SARAH L. CAVE**
                                                              **United States Magistrate Judge**

**COURT EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

BOISEY CALDWELL,

                              Plaintiff,


          -v-                                              No. 19-CV-8253 (SLC)


OFFICER GERMAN GERONIMO,

                              Defendant.

_____

**VOIR DIRE INSTRUCTIONS: PROSPECTIVE JURORS**

**Introduction**

Members of the panel, good morning, I am Judge Cave. Before we begin, please raise your right hands, and I will ask my deputy to swear you in.

I want to thank all of you for performing your civic duty during COVID. We have taken many precautions to ensure the Courthouse is safe for proceedings. If you have any concerns or questions in this regard, please don't hesitate to raise them with me or my deputy. We are here today to select a jury of 8 people to hear a civil trial. The trial is expected to take approximately 3 days, after which the jury will deliberate and determine its verdict. We will start today and continue each work day until the trial is done.   Jurors will be expected to report to Court by 9:30 a.m. Trial will end each day by no later than 5 p.m.  If you have commitments during the next week that conflict with this schedule, we are going to ask you to move them.

1

To make certain that we select a fair and impartial jury, I will be asking a series of questions to everyone here.  The purpose of these questions is to enable us to select a jury that will be fair and impartial in this case. My questions to you, and your answers to them, are not evidence in this case, and you should not regard them, or any thoughts that they may raise in your minds, as having any bearing upon the case. The questions are not meant to embarrass you in any way but only to elicit the basic information necessary to permit the parties to make an informed choice of jurors in the case.

The law gives to the parties a certain number of peremptory challenges—in other words, each party has the right to ask the Court to excuse a certain number of the prospective jurors without stating any reason. In addition, the Court has the right to excuse prospective jurors for reasons that appear to the Court to be inconsistent with the interests of fairness and justice in respect to the matters to be tried.

If you happen to be one of those excused after having had your name called as a prospective juror, do not consider this as any reflection whatsoever on you or on the potential quality of your service. This is all part of our American system of justice and is fair to both sides. Just by being here this morning, you have done your full duty by your presence, availability, and readiness to serve if required.

### Voir Dire Questions

Under your oath, you are obligated to give fair and truthful answers to the questions I am about to ask. It is your solemn duty to serve as a fair and impartial juror if you are able to do so, but it is equally your solemn duty not to serve if for any reason you cannot be fair and impartial.  Accordingly, it is your duty to disclose to this Court any fact or belief that might

prevent you from serving as a fair and impartial juror in this case.

It is very important, however, that you not say in open Court, or to one another, anything about the parties in this case or about any matter which might tend to impair the open- mindedness and fairness of the other members of the panel. ***If there are matters that you believe you should disclose but that might tend to influence the other jurors, please ask to approach the bench to discuss them. Also, if any questions call for personal information that you would rather not mention in front of everyone in Court, simply tell me that you would like to approach the bench.***

If at any time those of you in the back of the room cannot hear me, please raise your hand. I will now ask you some general questions. Please raise your hand if your response to any of these questions is "yes".

1. **Do you have any difficulty understanding or speaking English that would interfere with your ability to participate as a juror in this proceeding?**

2. **Do you have any difficulty with your hearing that would interfere with your ability to participate as a juror in this proceeding?**

3. **Do you have any difficulty with your vision that would impair your ability to participate as a juror in this proceeding?**

4. **Are you on any medication or do you have any health condition that would impair your ability to participate as a juror in this proceeding?**

5. **Do you have any religious or ethical beliefs that would prevent you from passing judgment on another person or a company?**

6. **Do you have any personal beliefs, religious, political or otherwise, that would affect**

your ability to accept the instructions of law that I will give you in this case?

7. This trial is expected to last 2-3 days, starting today, and we will be in session each day from 9:30 a.m. until 5:00 p.m., so I will be asking you to arrive no later than 9:00 a.m. so we can start on time.  Is there anyone for whom this would create a serious life difficulty such that serving on the jury would be extremely burdensome, either because of an unavoidable scheduling conflict or because of a serious problem getting to the courthouse?

8. The Plaintiff in this case is Boisey Caldwell, [have him stand]. Is anyone acquainted with the Plaintiff?

9. The Plaintiff is represented by Edward Spiro, Nicole Buseman, and Russell Feldman, who will now stand and face you. Is anyone acquainted with these individuals?

10. They for work for a law firm named Morvillo Abramowitz Grand Iason & Anello PC. Is anyone familiar with that law firm?  [Do you know anyone who works for this firm? Who?]

11. The Defendant in this case is Officer German Geronimo. Is anyone acquainted with Mr. Geronimo?

12. Defendant is represented by Jeffrey Frank and Elida Alfaro who will now stand and face you. Does anyone know or has anyone heard of these attorneys? Mr. Frank and Ms. Alfaro work for the Office of Corporation Counsel—do you know anyone who works in that office?  Who?

13. Does anyone know me, or any of my staff?

14. In addition to the parties and attorneys, the following individuals may be referred to

**or called as witnesses or may be mentioned in the context of this case. Do any of you**

**know, or have you had any dealings, either directly or indirectly, with, or have you**

**heard of any of the following individuals, or members of their families or associates or**

**friends of theirs:**

**a.        Police Officer Jessica Gutierrez**

**b.        Police Officer Eleodoro Mata**

**c.        Sergeant Bautista**

[**If yes:** are you able to set aside whatever you have heard or whatever dealings you have had

with those individuals and decide the case on the evidence that you hear and the law as stated

to you by this Court?]

**15. Are you familiar with Morningside Park?**

**16. As you look around the room, do you recognize anyone you know?**

## Description of the Case and General Principles of Law

I am now going to explain a little bit about what this case is about. Mr. Caldwell has

sued a New York City Police Officer, German Geronimo, in connection with Mr. Caldwell's arrest

on September 2, 2019 in Morningside Park in Manhattan.  Mr. Caldwell alleges that Officer

Geronimo violated his constitutional rights by using excessive force during his arrest.

In a civil case, such as this one, the PLAINTIFF has the burden of proving his case by a

preponderance of the credible evidence. To establish facts by a preponderance of the evidence

means to prove that the facts are more likely true than not true.  This concept of

preponderance  of the evidence is often illustrated with the idea of scales. If you find that the

evidence on any issue is balanced evenly and equally in favor of the plaintiff and the defendant, that is to say, if the scales are evenly balanced, then the plaintiff, who has the burden of proof in this case, would NOT have sustained his burden and the case must be decided in favor of the defendant. Similarly, if the scales tilt in favor of the defendant, then the case must be decided in favor of the defendant.

However, if the scales tilt in favor of the plaintiff, that would constitute a preponderance of the credible evidence and the legal burden of proof would be satisfied. In that instance, the case must be decided in favor of the plaintiff. Defendant will similarly need to prove his defense by a preponderance of the evidence.

Under our system of law, the facts are for the jury to determine and the applicable law is for the Court to determine, meaning myself.  These two areas are separate and distinct.  At the end of the case, I will instruct those of you who are selected as jurors in detail as to the law and burden of proof applicable to this case. You are required to accept the law as I explain it to you. If selected, it will be your job as jurors to determine the facts based solely on the applicable rules of law. You must not substitute your own notions of what the law is or what you think it should be.

I am now going to ask you additional questions and we will follow the same process as we did earlier.  Please raise your hands if your answer to any of the questions is yes. Again, if in response to any follow up questions you would like to speak about a matter privately, you may ask to approach the bench.

1. **Do you have any personal knowledge of the allegations in this case as I have described them?**

2. Have you seen, read, or heard anything about this case through the media, the Internet, or any other source that you think for any reason, would make it difficult for you to be a fair and impartial juror in this case?

3. Is there anything I have said to you so far about this case that would cause you to be unable to render a fair and impartial verdict?

4. As I mentioned earlier, the facts are for the jury to determine and the law is for the Court to determine.  At the end of the case, I will instruct you on the law, and you are required to accept the law as it is explained to you.  It will be your job to determine the facts under my explanation of the law.  You must apply the law as I instruct you, even if you personally believe that the law ought to be different.  Would you have any difficulty following my instructions on the law?

5. In the eyes of the law, all parties, whether individuals or corporations, are to be treated the same way. If selected as a juror, would you accept and apply this principle of law?

6. Would you place blame on either Plaintiff or Defendant for having to sit on this jury during the ongoing COVID-19 pandemic?

7. Under the law, a plaintiff is entitled to seek money damages if he meets the burden of proving his case and is not entitled to seek money damages if he fails to meet the burden of proving his case. Do you have any feelings about lawsuits seeking money damages that would affect your ability to be fair to both plaintiff and the defendant in this case?

8. Have you, any family member, or any close friend ever been employed by a New

York City Agency such as the police department, fire department, or sanitation department?  If so, what positions and when?  Is there anything about this that would make it difficult for you to be a fair and impartial juror in this case?

9.  Have you or any family member or any close friend ever been employed by any other police department (e.g. New York State Police, Port Authority) or law enforcement agency (e.g. FBI, U.S. Marshals, DEA)?  If so, when?  Is there anything about this that would make it difficult for you to be a fair and impartial juror in this case?

10. Have you or any family member ever been employed by a local, state, or federal agency?  If so, what position and when?  Is there anything about this that would make it difficult to be a fair and impartial juror in this case?

11. Have you, any family member, or any close friend ever had any interaction with members of the NYPD or any other police department or law enforcement agency?  If so, when and what was the nature of that interaction?  Is there anything about that experience that would make it difficult for you to be a fair and impartial juror in this case?

12. Have you formed an opinion about NYPD officers or any other police officers or law enforcement agency?  If so, please describe?  Is there anything about that experience that would make it difficult for you to be a fair and impartial juror in this case?

13. Do you have any negative views or biases against the NYPD or its officers?

14. If a citizen and a police officer gave conflicting testimony about the same incident, would you be inclined to believe one side or the other?

16. Have you ever studied or practiced law or worked in any capacity for a law office?

17. Do you, or does anyone close to you, work or have experience in the legal field or court system?

18. Do you have any opinion or attitude about lawyers in general that will make it difficult for you to be fair and objective in this case?

19. Have you, or has anyone close to you, ever brought a lawsuit against anyone?

20. Have you, or has anyone close to you, ever been involved in a lawsuit?

21. Have you, or has anyone close to you, ever appeared as a witness either at a trial or at another legal proceeding such as a deposition or before a grand jury?

22. Have you, any family member, or any close friend ever been the victim of a crime?

23. Do you have any doubts about your ability to render a verdict in favor of the plaintiff or defendant, regardless of any sympathy you might have for any of the parties, if the law and evidence warrants such a result?

24. If you are selected to sit on this case, is there any reason you could not render a verdict solely on the evidence presented at the trial and in the context of the law as I give it to you and not based on any other ideas, notions or beliefs about the law you may have?

25. Do you know of any reason you could not render a fair and impartial verdict in this case?

26. Do you know of any reason why you should not sit as a juror in this case?

27. Have you ever served as a juror in any court?  In what court?  Was it civil or criminal?

Did the jury reach a verdict?

28. In which borough, town, or neighborhood do you live?

29. How long have you lived at that address?  Do you own or rent?

30. What is your marital status?

31. Do you have any children?  If so, how many and what are their ages?

32. Are there other members of your household?  If they are old enough, where are they

   employed?

33. How far did you go in school?

34. Are you or have you ever been employed? What is/was your current occupation?

   How long have you been employed by your current employer? What type of work did

   you do before that? For whom?

35. Prior to that occupation, what other occupations have you held?

36. What newspapers and magazines do you read on a regular basis?

37. What tv shows or movies do you watch on a regular basis?

38. What websites do you visit on a regular basis?

39. Are you active on any social media?

40. Who is one famous person, living or deceased, whom you admire, and why?

41. Is there anything else the Court should know about that might impact your ability to

   serve?

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# **COURT EXHIBIT 2**

_____

BOISEY CALDWELL,

                         Plaintiff,

                                                                1:19-cv-8253 (SLC)

         -v-

OFFICER GERMAN GERONIMO,

                         Defendants.

_____

**SARAH L. CAVE, United States Magistrate Judge**

<u>**JUROR PLEDGE**</u>

        I agree to follow all of the Court's preliminary instructions, including the Court's specific

instructions relating to Internet use and communications with others about the case.  I agree

that during the duration of this trial, I will not conduct any research into any of the issues or

parties involved in this trial.  Specifically, I will not use the Internet to conduct any research

into any of the issues or parties involved in this trial.  I will not communicate with anyone

about the issues or parties in this trial, and I will not permit anyone to communicate with me.  I

further agree that I will report any violations of the Court's instructions immediately.

Signed under penalty of perjury.

_____

_____
(Sign and Print)

Dated: New York, New York
        August 8, 2022

# COURT EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BOISEY CALDWELL,

Plaintiff,

-v-

OFFICER GERMAN GERONIMO,

Defendant.

**PRELIMINARY JURY INSTRUCTIONS**

No. 19 Civ. 8253 (SLC)

**PRELIMINARY JURY INSTRUCTIONS**

Members of the jury, now that you've been sworn in as our jury, I want to briefly tell you something about your duties as jurors and give you some instructions.

At the end of the trial, I'm going to give you more detailed instructions about the law, and those instructions will control your deliberations. At the end of the presentation of all the evidence and my final charge to you, it will be your duty to decide from the evidence what the facts are and then to apply the law to those facts. In doing so, you must follow the law as I give it to you. Remember, you are the sole judges of the facts.

You must not take anything I say or do during the trial as indicating what your verdict should be. Don't be influenced by my taking notes or looking at something on my computer. What I do may have nothing to do with this trial or with what you will be concerned with at the trial.

First, a word about evidence. You will decide what the facts are from the evidence that will be presented here in court.  That evidence may also consist of the testimony of witnesses, documents, and other things received into evidence as exhibits, and any facts on which the

lawyers may stipulate.  If they stipulate to something, that just means they agree on a fact and I'll tell you what the fact is or they'll tell you what the fact is and that it's stipulated, that is, no one disagrees with it.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.  You may consider both direct and circumstantial evidence in deciding this case.  The law permits you to give equal weight to both or to none.  It is up to you to decide how much weight, if any, to give to any evidence.

At times during the trial I may sustain objections to questions that are asked.  When that happens, I will not permit the witness to answer or, if the witness has already answered, I will instruct you that the answer must be stricken from the record and that you must disregard it and dismiss it from your minds.  In reaching your decision, you may not draw any inference from an unanswered question, nor may you consider in your deliberations testimony that I have ordered stricken from the record.  The law requires that your decision be made solely upon the evidence before you.  The items I exclude from your consideration will be excluded because they are not legally admissible as evidence.  The law does not, however, require you to accept the credibility of all the evidence that I do admit.  Rather, in determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and of the documents that may be presented to you, and it's up you to determine what weight, if any, you choose to give to each witness's testimony or to an exhibit.  There is no magic formula by which you should evaluate testimony or exhibits.

At this time, you bring with you to this courtroom all of the experience and background of your lives.  You do not leave your common sense outside the courtroom.  You may use your common sense in your deliberations.  The same types of tests that you apply in your everyday dealings are the tests that you apply in your deliberations.

Now, what is not evidence? The questions and objections of the attorneys are not evidence and neither is the testimony that I instruct you to disregard. The statements and arguments of the attorneys during any part of the trial are also not evidence.  Further, anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses, is not evidence.  Only what is admitted into evidence here when court is in session and all the parties and jurors are present is evidence, competent evidence.

I also want to caution you briefly about certain principles that govern your conduct as jurors during this trial.

First, as I mentioned, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations. The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

Second, do not talk with anyone else about this case or with anyone who has anything to do with it until the trial has ended and you have been discharged as jurors.  Anyone else includes members of your family and friends.  Of course, someone might ask you what you're doing this week and you can say you're on a jury in a civil case in federal court, but please do not tell them

anything else beyond that general description until after you've already been discharged when the case is done.

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone tries to talk to you, as I mentioned, please do not talk to them. If someone involved in the case does try to talk to you, please report it to me or my deputy. This includes the lawyers and the witnesses in the case, who I have instructed not to talk to you. If you do happen to run into one of the lawyers or the witnesses in the hallway or the elevator, don't speak to them and they won't speak to you. It doesn't mean they're being rude. It means that I told them not to talk to you while the trial is going on and they are complying with my instruction.

Fourth, do not read any newspaper or Internet stories or articles or listen to any radio or television programs about anyone or anything having to do with this case. I don't have any reason to believe there's going to be media coverage regarding this trial, but if do you run across something about the case or about any of the parties or the witnesses, please do not view it.

Fifth, do not do any research or any investigation about the case on your own. As I've said a couple times now, what matters is what you hear and see here in the courtroom. Also, please do not use any social media to do any research on the case or to comment about the trial. This means you are not to use Facebook, Instagram, or Twitter or any social media site to talk about the conduct of the trial or your deliberations. The parties are entitled to have you personally render a verdict in this case based on your independent evaluation of the evidence presented here in the courtroom. Speaking to others about the case, including family members, before you deliberate, or exposing yourself to evidence outside the courtroom, would compromise your service and fairness to the parties.

- 4 -

A word about the burden of proof.  Please remember that this is a civil case. In a civil case, the burden of proof is different from that in a criminal case. In a civil case, the burden of proof is called "*proof by a preponderance of the evidence.*" I will instruct you fully on what that burden of proof means after all the evidence has been received in trial.

Finally, I'd like to summarize briefly the stages of the trial.  First, each side may make an opening statement.  An opening statement is not evidence or argument. It is an outline of what that party intends to prove, and it is offered to help you follow the evidence.  Next, the plaintiff will start by presenting witnesses and the defendant may cross-examine the witnesses. Then the defendant may present witnesses and the plaintiff may cross-examine them.  Now, some of these witnesses may be going out of order. In theory, the plaintiff's case goes first and then the defendant's case goes, but sometimes, for reasons of convenience of the witnesses, we'll be taking witnesses out of order, because if one witness is going to be called both in the plaintiff's and defendant's case, then they may do both parts of that testimony at one time.  You don't need to worry about the order.  At the end of the trial, you're going to consider all the evidence and decide the case.  Finally, the attorneys will have a chance to make closing arguments to summarize and give you their interpretation of the evidence. Just like with the opening statements, the closing arguments are not evidence.  After the closing summations, I will give you instructions on the law and then you will retire to the jury room to deliberate on your verdict.

Please do not make up your mind about the verdict until after I've instructed you and after you've heard all the evidence.  Keep an open mind until that time. Both parties deserve, and the law requires, that you give them an opportunity to be fully heard before you make up your mind.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# COURT EXHIBIT 4

| |
|---|
| BOISEY CALDWELL,<br><br>                                            Plaintiff,<br><br>                        -v-<br><br>OFFICER GERMAN GERONIMO,<br><br>                                    Defendant. |

**PROPOSED JURY INSTRUCTIONS**

19 Civ. 8253 (SLC)

## PART I: GENERAL INSTRUCTIONS

**A.**     **Introductory Remarks**

Members of the jury, you have now heard all the evidence in the case as well as the final arguments of the parties. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case. There are three parts to these instructions.  First, I'm going to give you some general instructions about your role, and about how you are to decide the facts of the case. Second, I'll give you some specific instructions about the legal rules applicable to this particular case.  Third, I'll give you some final instructions about procedure.

It is important that you listen carefully and concentrate as I read these instructions. Because my instructions are lengthy, I have provided each of you with a copy of them, not only so that you can follow them as I read them now, but also so that you can have them with you for reference as you deliberate.

**B.**     **Role of the Court**

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You should not single out any instruction as alone stating the law, but when you retire to deliberate in the jury room, you should consider my instructions as a whole.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law is—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than what I am about to instruct you.

**C.**     **Role of the Jury**

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict.  As members of the jury, you are the sole and exclusive judges of the facts.  You decide what, if any, weight to give each piece of evidence. You determine the credibility of the witnesses.  You resolve any conflicts that may appear in the testimony. And you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence.  None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is evidence. Nor is anything I may have said evidence, including these instructions.

The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, and the exhibits that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence.  Please remember that questions are never evidence; only answers are evidence. At times, during this trial, the attorneys may have incorporated into their questions statements that they have asked a witness to assume as true.  If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question.  On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true.  Also, you may not consider any answer that I directed you to disregard or what I directed be stricken from the record.  Likewise, you may not consider anything you heard about the contents of any exhibit that I did not admit into evidence.

Since you are the sole and exclusive judges of the facts, I do not indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the plaintiff has proven his case.

[I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.][1] These questions were only intended for clarification or to expedite matters and you should not interpret them as suggesting my opinion as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

---

[1] Delete if no questions were asked.

As to the facts, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.

**D.    Role of Counsel**

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me. You should not show any prejudice against an attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

Likewise, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not be a factor in your deliberations.

**E.    No Sympathy or Bias; All Parties Equal Under the Law**

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, because all parties are equal under the law.  You are to perform your final duty in an attitude of complete fairness and impartially.  You should not be swayed by rhetoric or emotional appeals.

Under your oath as jurors, your verdict must be based solely upon the evidence developed at this trial, or the lack thereof.  If you were to let fear, prejudice, bias, or sympathy interfere with your thinking, there would be a risk that you will not arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict must be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

As such, it would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender, age, sexual orientation, disability, or physical appearance. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way.  The parties in this case are entitled to a trial free from prejudice and bias.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

F.      **Burden of Proof**

As you know, this is a civil case.  To prevail in a civil case, a party who is asserting a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff, Boisey Caldwell.

In this civil trial, it is the plaintiff's burden to burden to establish each and every element of his claim by a preponderance of the credible evidence.  The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief.  To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true.  If after considering all the credible evidence you are satisfied that the plaintiff

has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claim.  If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you must find for the defendant on that claim.

What does a "preponderance of the evidence" mean?   To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that is, that it is equally probable that one side is right as it is that the other side is right—or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden—in this case, the plaintiff—must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of that party— that what he claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  That is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

**G.    What Is and Is Not Evidence**

As I mentioned earlier, in determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and [judicially noticed facts].[2]

Testimony that I may have stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave you, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

Statements and arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  If your recollection of the facts differs from the lawyers' statements, it is your recollection that controls. For the same reasons, you are not to consider a lawyer's questions as evidence.  It is the witnesses' answers that are evidence, not the questions.

---

[2] Delete if no judicially noticed facts in evidence.

Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, as I told you on Monday, anything you may have heard or read in the news media or anything outside of this courtroom may play no role in your deliberations.  Your decision in this case must be made solely on the evidence presented at trial.

**H.**     **Direct and Circumstantial Evidence**

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence,

Direct evidence is testimony that proves a disputed fact directly. It does not require any other evidence.  It does not require you to draw any inferences.  A witness's testimony is direct evidence when the witness testifies to what they saw, heard, or felt.  In other words, when a witness testified about what is known from their own personal knowledge by virtue of their own sense—what they saw, touched, or heard—that is direct evidence.  For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather. The only question is whether you believe the witness's testimony.  A document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference.  You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  For example, assume that when you came into the courthouse this morning, the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn so you could not

look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then, a few minutes later, another person entered with a wet raincoat. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining, so you have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  Using your reason, experience, and common sense, you infer from established facts the existence or the non-existence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence, and it simply requires that your verdict must be based on a preponderance of all the evidence presented.

There are times when different inferences may be drawn from the evidence. The plaintiff asks you to draw one set of inferences. The defendant asks you to draw another. It is for you, and for you alone, to decide what inferences, if any, you will draw.

I.      **Witness Credibility**

It must be clear to you by now that the plaintiff and the defendant ask you to draw very different conclusions in the case.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all the testimony of each witness, the

circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

For example, your decision whether to believe a witness may depend on the impression that witness made on you.  How did the witness appear? Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what they were talking about?  Did the witness strike you as someone who was trying to report his or her knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how they testified? Does the witness have some incentive, loyalty or motive that might cause them to shade the truth?  Does the witness have some bias, prejudice or hostility that may cause the witness—consciously or not—to give you something other than a completely accurate account of the facts they testified to? An interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. You must determine from the witness's demeanor on the stand and such other tests as your experience dictates whether the witness's testimony was influenced, intentionally or unintentionally, by the witness's interest.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

You should also consider whether the witness had an opportunity to observe first-hand the facts they testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that any statement made by a witness was false, in whole or in part, you may disregard the portion you find to be false, or you may disregard the witness' entire testimony as not worthy of belief.  A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony. The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his or her testimony at this trial is truthful in whole or in part.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

**J.     Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

**K.**     **Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

**L.**     **Prior Inconsistent Statement**

You have heard evidence that a witness may have made a previous statement that counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.  If you

find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of that witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much weight, if any, to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**M.**   **All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party has had an equal opportunity to call any witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what any uncalled witnesses would have testified to had they been called.  The absence of any witnesses should not affect your judgment in any way.

**N.**     **Judicial Notice [If Applicable]**

I have taken judicial notice of certain facts which are not subject to reasonable dispute. I have accepted these facts to be true, even though no direct evidence has been introduced proving them to be true. You are required to accept these facts as true in reaching your verdict.

**O.**     **Stipulation of Testimony [If Applicable]**

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given that testimony. However, it is for you to determine the effect, if any, to be given that testimony.

**P.**     **Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

**Q.**     **Inference Defined**

During the trial, you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists based on another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another.  You, and you alone, decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts you find to be proven, such reasonable inferences as would be justified in light of your experience.

**R.**     **Effect of Inference on the Burden of Proof**

The mere existence of an inference against a defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence.  If the plaintiff is to obtain a verdict against the defendant, you must still believe from the credible evidence that the plaintiff has sustained his burden of proof. If he has failed, then your verdict must be for the defendant. If you should find that all the evidence is evenly balanced, then the plaintiff has failed to sustain the burden of proof and your verdict should be for the defendant.

If, and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then he has met the burden of proof.

**PART II: SUBSTANTIVE INSTRUCTIONS**

**A.  Section 1983 Generally**

I will turn now to my instructions on the substantive law you are to apply to this case. The plaintiff in this case is Boisey Caldwell. The defendant is Officer German Geronimo. You should consider the evidence and ask with respect to the defendant whether the plaintiff has proved the elements of his claim against the defendant by a preponderance of the evidence.

The plaintiff, Mr. Caldwell, brings his claims in this case under a federal statute called 42 U.S.C. § 1983, or Section 1983 for short. Section 1983 does not create any federally protected right, but does allow a plaintiff to bring a claim to enforce rights the United States Constitution guarantees to him.

The plaintiff brings one Section 1983 claim against Officer Geronimo: that Officer Geronimo used excessive force in violation of Mr. Caldwell's Fourth Amendment rights.

Under Section 1983, a plaintiff must establish, by a preponderance of the evidence, each of the following three elements: first, that the acts complained of were committed by Officer Geronimo while acting under color of state law; second, that Officer Geronimo's conduct deprived Mr. Caldwell of a right protected by the United States Constitution; and third, that Officer Geronimo's conduct was a proximate cause of Mr. Caldwell's alleged injuries and damages.

As the plaintiff, Mr. Caldwell has the burden of proving each essential element of his claim by a preponderance of the evidence. With respect to the defendant, if you find that Mr. Caldwell

has not proven any of the essential elements of his claim by a preponderance of the evidence, you must return a verdict for the defendant, Officer Geronimo.

I shall now examine each of the three elements in greater detail.

1. *First Element—Acting Under Color of State Law*

The first element of the plaintiff's claim is that the conduct complained of was committed by the defendant acting under color of state law. Action "under color of state law" means that the defendant claims to be acting pursuant to authority given to him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.

In this case, it is undisputed that Officer Geronimo was acting in his capacity as a police officer employed by the City of New York at the time of the acts in question, and, as such, the conduct complained of was committed by the defendant acting under color of state law.

Therefore, I instruct you that the first element of the plaintiff's Section 1983 claim has been met.

2. *Second Element—Deprivation of Right*

The second element of the plaintiff's claim is that the defendant, in committing the acts complained of, intentionally or recklessly deprived the plaintiff of a federal right. For the plaintiff to establish this second element, he must show by a preponderance of the evidence that the defendant's actions caused the plaintiff to (i) suffer the loss of a federal right and (ii) that the defendant performed these acts intentionally or recklessly rather than accidentally.

(a) Commission of Alleged Acts

The first thing for you to determine is whether the defendant committed the acts as alleged by plaintiff.  This determination is a function of your role as the factfinders.  If you find that plaintiff has proven by a preponderance of the credible evidence that Officer Geronimo committed the acts Mr. Caldwell has alleged, then you would find that Mr. Caldwell has satisfied this element and move to considering the next element.  If you find that Mr. Caldwell has failed to prove by a preponderance of the credible evidence that Officer Geronimo committed those acts, then you must find in favor of Officer Geronimo.

(b) State of Mind: Intent or Recklessness

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason.  Please note that intent can be proved directly, or it can be proved by reasonable inference from circumstantial evidence.  An act is reckless if done with conscious disregard of its known probable consequences.  In other words, even if a defendant did not intentionally seek to deprive a plaintiff of the plaintiff's rights, if the defendant purposefully disregarded the high probability that his actions would deprive the plaintiff of the plaintiff's rights, then this second essential element would be satisfied.

(c) Loss of a Federal Constitutional Right

If you determine that Office Geronimo intentionally or recklessly committed the acts Mr. Caldwell alleges, you must next determine whether those acts caused Mr. Caldwell to suffer the loss of a constitutional right.

The constitutional violation claimed by Mr. Caldwell is excessive force during an arrest. The Court has already determined, in advance of this trial, that Mr. Caldwell committed an offense that subjected him to arrest, and that Officer Geronimo's decision to arrest Mr. Caldwell

was lawful.  Thus, the only question is whether Officer Geronimo used excessive force in effecting that arrest.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested.  On the other hand, an officer has the authority to use such force as is necessary under a given set of circumstances, and the use of some force in arresting an individual is not uncommon or unusual.  Not every push or shove by a police officer constitutes excessive force, even if in hindsight it might seem unnecessary.   In other words, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances to make the arrest.

In this case, the plaintiff, Mr. Caldwell, claims that he was subjected to excessive force when the defendant, Officer Geronimo, arrested him.  Officer Geronimo disputes Mr. Caldwell's version of events and contends that his acts were justified, reasonable underthe circumstances he confronted, and in accordance with existing law.  Therefore, you must determine whose version of events you believe.

To determine whether the defendant's acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may consider such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight. You do not have to determine whether the defendant had less intrusive alternatives available, because the defendant need only to have acted within the range of reasonable conduct.

You must allow for the fact that policy officers are forced to work in circumstances that are tense, uncertain, and rapidly evolving.  Police officers must make split-second judgments about their actions and the amount of force necessary in a given situation.  The question is whether the police officer's actions were objectively reasonable in light of all the facts and circumstances confronting him.

Even if you find that there was some forcible contact between the plaintiff and the defendant, that mere fact is not sufficient by itself to demonstrate that the defendant violated the plaintiff's Fourth Amendment right to be free from excessive force.  In restraining an individual while placing him under arrest, the Fourth Amendment does not require a police officer to be courteous.  A police officer's good intentions will not make an excessive use of force permissible, and his bad intentions will not make a reasonable use of force excessive.

Ultimately, if you find by a preponderance of the credible evidence that the amount of force Officer Geronimo used was greater than a reasonable person would have employed, Mr. Caldwell will have established a violation of his Fourth Amendment right to be free from excessive use of force.  If you find, however, that Officer Geronimo acted within the range of reasonable conduct, then you must find in favor of Officer Geronimo.

3.  *Third Element—Proximate Cause*

The third element that a plaintiff must prove is that the acts of a defendant were a proximate cause of the harm sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the acts or omissions of a defendant and any harm sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in

bringing about or actually causing the injury, that is, if the injury was a reasonably foreseeable consequence of the defendant's act or omission.  If an injury was a direct result or reasonably probable consequence of the defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the harm that reasonable persons would regard it as being a cause of the harm, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors, or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

*       *       *

These are the three necessary elements of every Section 1983 claim.  To find in favor of Mr. Caldwell, you must find that he has proven each of these elements by a preponderance of the credible evidence.  If he has failed to prove one or more elements, then you must find in favor of Officer Geronimo.

**PART III:  DAMAGES**

**B.  Damages**

I will now instruct you on the law for measuring damages.

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine if he suffered any injuries as a result of the violation of his Fourth Amendment right to be free from excessive force, and if so, in what amount he should be compensated.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case or that you must reach the issue of damages.   I am giving you instructions as to the measure of damages for your guidance only if you have found in Mr. Caldwell's favor in accordance with my other instructions.

A plaintiff is entitled to only one amount, if any, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that Mr. Caldwell has prevailed on his sole claim for excessive force, you may not award any damages other than for that claim, and you should award an amount of compensatory damages you believe will fairly and justly compensate him for the injury he suffered.

If you do find that damages should be awarded, you should not take into consideration attorneys' fees or court costs, which will be decided by the Court. If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

Should you find that Mr. Caldwell has proven his excessive force claim by a preponderance of the credible evidence, you must consider awarding two [three][3] types of damages: compensatory damages, and nominal damages [and punitive damages].

1. *Compensatory Damages*

If you find in favor of Mr. Caldwell, then you may award him an amount of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of Officer Geronimo's conduct. This type of damages is known as "compensatory damages." The purpose of compensatory damages is to make the plaintiff whole, that is, to compensate him for the injury he has proven by a preponderance of the credible evidence.

Compensatory damages may include damages for physical injury, pain and suffering, mental anguish, shock, and discomfort that he has suffered because of a defendant's conduct. In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress – past, present, and future – that you determine to be reasonable compensation in light of all the evidence in this case. Keep in mind that to recover damages for pain and suffering, a plaintiff must present credible evidence with respect to his suffering and corroboration that a defendant's impermissible conduct *caused* his suffering. To satisfy the requirement, the plaintiff does not need to provide evidence from a medical expert.

Compensatory damages are not a punishment, and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries,

---

[3] This will depend on the Court's ruling as to punitive damages at the close of the evidence.

but only for those injuries that the plaintiff has actually suffered, or likely to suffer in the future. Moreover, you should only award compensatory damages for the injury that you find the plaintiff has proven by a preponderance of the credible evidence to be the direct result of the defendant's conduct that violated the plaintiff's Fourth Amendment right.

There is no exact standard for determining the precise amount of damages for pain and suffering.  An award you make must be fair and reasonable in light of the evidence at trial. An award must not be based only on speculation or sympathy.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

2.  *Nominal Damages*

If you return a verdict in plaintiff's favor but find that he failed to prove by a preponderance of the credible evidence that he suffered any injury as a result of the defendant's conduct, then you must return an award of nominal damages.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when a constitutional violation did not cause actual injuries.

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that

deprivation.  The mere fact that a constitutional deprivation occurred is an injury to that person entitled to enjoy that right, even when no actual damages flow from the deprivation.  Therefore, if you find that Mr. Caldwell has suffered no injury as a result of Officer Geronimo's conduct other than the fact of a constitutional deprivation, you must award nominal damages in an amount not to exceed one dollar.

3.  *Punitive Damages*[4]

Whether or not you award the plaintiff compensatory or nominal damages, if you find in favor of the plaintiff, you may also, in your discretion, award punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award punitive damages if the plaintiff proves by a preponderance of the evidence that the defendant's conduct was malicious and reckless, not merely unreasonable. An act is malicious and reckless if it is done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. The purpose of punitive damages is to punish a defendant for shocking conduct and to set an example to deter him or her and others from committing similar acts in the future.

An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

---

[4] Inclusion will be subject to the Court's ruling at the close of the evidence.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.

If you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice, or sympathy toward any party. But the amount may be as large as you believe necessary to fulfill the purpose of punitive damages. In this regard, you may consider the financial resources of the defendant in fixing the amount of punitive damages.

**PART IV: DELIBERATIONS OF THE JURY**

**A.**     **Right to See Exhibits and Hear Testimony; Communication with the Court**

Members of the jury, that concludes the substantive portion of my instructions to you.

You are about to go into the jury room and begin your deliberations. If during those deliberations

you want to see any of the exhibits, you may request that they be brought into the jury room.If

you want any of the testimony read back to you, you may request that.  Please remember that it

is not always easy to locate what you might want, so be as specific as you possibly can be in

requesting portions of the testimony.  If you want any further explanation of the law as I have

explained it to you, you may also request that.

Your requests for testimony—in fact any communications with the Court—should be

made to me in writing, signed, dated, and timed by your foreperson, and given to one of the

marshals. In that note, do not tell me or anyone else how the jury stands on any issue until after

a unanimous verdict is reached and announced in open court by your foreperson.

**B.**     **Notes**

Some of you have taken notes periodically throughout this trial. I want to emphasize to

you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes

that any of you may have made may not be given any greater weight or influence than the

recollections or impressions of other jurors, whether from notes or memory, with respect to the

evidence presented or what conclusions, if any, should be drawn from such evidence.  All jurors'

recollections are equal. If you can't agree on what you remember the testimony was, you can ask

to have the transcript read back.

C.     **Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case. To prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of the claim. If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**D.**     <u>**Verdict Form**</u>

I have prepared a verdict form for you to use in recording your decisions. Your answers must be unanimous and must reflect the conscientious judgment of each juror.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

**E.**     <u>**Duties of Foreperson**</u>

You should by your own vote select one of you to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  They will send out any notes, and when the jury has reached a verdict, they will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

**F.**     <u>**Return of Verdict**</u>

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must agree with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**CONCLUSION**

In conclusion, members of the jury, I am confident that if you listen to the views of your fellow jurors, if you apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

# COURT EXHIBIT 5

BOISEY CALDWELL,

                                        Plaintiff,

                -against-

OFFICER GERMAN GERONIMO,

                                        Defendant.

**JOINT PROPOSED VERDICT SHEET**

19 Civ. 8253 (SLC)

**PLAINTIFF'S PROPOSED VERDICT SHEET**

**Note: Your answer to _each_ question must be unanimous.**

**QUESTION I**

Has the Plaintiff, Boisey Caldwell, proven by a preponderance of the evidence, that he was subjected to excessive force by Officer German Geronimo on September 2, 2019 in Morningside Park in Manhattan, in violation of his constitutional rights?

Yes _____              No _____

*If you answered "Yes" to question 1 above, proceed to Question II.*
*If you answered "No" above, do not answer Questions II and III and proceed directly to the signature line on the last page -- you have reached a verdict and the foreperson should sign and date the form on the last page and tell the Court Security Officer that the jury has reached a verdict.*

**QUESTION II**

Has the plaintiff, Boisey Caldwell proven by a preponderance of the credible evidence that he suffered any compensatory damages as a result of the injury proximately caused by the defendant, Officer German Geronimo?

Yes _____              No _____

If YES, in what amount has the plaintiff, Boisey Caldwell, proven compensatory damages?

$_____

If NO, you are required to enter an award of nominal damages in an amount not to exceed one dollar ($1.00).

$_____

**QUESTION III**[5]

Considering the Court's instructions with regard to punitive damages, do you find that punitive damages are warranted against Officer German Geronimo to serve the purpose of such damages as explained by the Court? Yes _____ No _____

If YES, please indicate in the space provided the dollar amount of punitive damages to be awarded against the defendant, Officer German Geronimo.

$_____

You have reached a verdict. Your deliberations are complete.

_____                _____
Date                                 Foreperson

---

[5] Subject to the Court's ruling at the close of the evidence.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# COURT EXHIBIT 6

| |
|---|
| BOISEY CALDWELL, |
| Plaintiff, |
| -v- |
| OFFICER GERMAN GERONIMO, |
| Defendant. |

**JURY INSTRUCTIONS**

19 Civ. 8253 (SLC)

**PART I: GENERAL INSTRUCTIONS**

**A.**     **Introductory Remarks**

Members of the jury, you have now heard all the evidence in the case as well as the final

arguments of the parties. You have paid careful attention to the evidence, and I am confident

that you will act together with fairness and impartiality to reach a just verdict in the case.

Now it is time for me to instruct you as to the law that governs the case. There are three

parts to these instructions.  First, I'm going to give you some general instructions about your role,

and about how you are to decide the facts of the case. Second, I'll give you some specific

instructions about the legal rules applicable to this particular case.  Third, I'll give you some final

instructions about procedure.

It is important that you listen carefully and concentrate as I read these instructions.

Because my instructions are lengthy, I have provided each of you with a copy of them, not only

so that you can follow them as I read them now, but also so that you can have them with you for

reference as you deliberate.

**B.**   <u>**Role of the Court**</u>

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, you must follow my instructions.

You should not single out any instruction as alone stating the law, but when you retire to deliberate in the jury room, you should consider my instructions as a whole.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law is—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than what I am about to instruct you.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

**C.**   <u>**Role of the Jury**</u>

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict.  As members of the jury, you are the sole and exclusive judges of the facts.  You decide what, if any, weight to give each piece of evidence. You determine the credibility of the witnesses.  You resolve any conflicts that may appear in the testimony. And you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence.  None of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is evidence. Nor is anything I may have said evidence, including these instructions.

The evidence before you consists of just two things: the testimony given by witnesses that was received in evidence, and the exhibits that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted either here in court or in the depositions that were read into evidence.  Please remember that questions are never evidence; only answers are evidence. At times, during this trial, the attorneys may have incorporated into their questions statements that they have asked a witness to assume as true.  If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question.  On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true.  Also, you may not consider any answer that I directed you to disregard or what I directed be stricken from the record.  Likewise, you may not consider anything you heard about the contents of any exhibit that I did not admit into evidence.

Since you are the sole and exclusive judges of the facts, I do not indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether the plaintiff has proven his case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and you should not interpret them as suggesting my opinion as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.

**D.    Role of Counsel**

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  All those questions of law must be decided by me. You should not show any prejudice against an attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the court for a ruling on the law.

Likewise, the personalities and the conduct of counsel in the courtroom are not in any way at issue. If you formed reactions of any kind to any of the lawyers in the case, favorable or

unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not be a factor in your deliberations.

**E.**     **No Sympathy or Bias; All Parties Equal Under the Law**

You are to perform your duty of finding the facts without bias or prejudice or sympathy as to any party, because all parties are equal under the law.  You are to perform your final duty in an attitude of complete fairness and impartiality.  You should not be swayed by rhetoric or emotional appeals.

Under your oath as jurors, your verdict must be based solely upon the evidence developed at this trial, or the lack thereof.  If you were to let fear, prejudice, bias, or sympathy interfere with your thinking, there would be a risk that you will not arrive at a true and just verdict. So do not be guided by anything except clear thinking and calm analysis of the evidence. Your verdict must be determined by the conclusions you reach, no matter whom the verdict helps or hurts.

As such, it would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, gender, age, sexual orientation, disability, or physical appearance. It would be equally improper for you to allow any feelings you might have about the nature of the claim against the defendant to influence you in any way.  The parties in this case are entitled to a trial free from prejudice and bias.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

F.    **Burden of Proof**

As you know, this is a civil case.  To prevail in a civil case, a party who is asserting a claim against another party has what we call the "burden of proof," which is the burden of establishing each of the essential elements of the claim by a preponderance of the credible evidence.

Here, the party that is making a claim is the plaintiff, Boisey Caldwell.

In this civil trial, it is the plaintiff's burden to establish each and every element of his claim by a preponderance of the credible evidence.  The "credible evidence" means such testimony, exhibits, or other evidence that you find worthy of belief.  To establish an element of a claim by a preponderance of credible evidence means to prove that that element is more likely true than not true.  If after considering all the credible evidence you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claim.  If plaintiff fails to prove, by a preponderance of the evidence, any element of his claim, then you must find for the defendant on that claim.

What does a "preponderance of the evidence" mean?   To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that is, that it is equally probable that one side is right as it is that the other side is right—

or that the evidence produced by the party having the burden of proof is outweighed by evidence against his claim, then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden—in this case, the plaintiff—must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with the burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of that party— that what he claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

One final note on the burden of proof: some of you may have heard of "proof beyond a reasonable doubt."  That is the standard of proof in a criminal trial. It does not apply to a civil case such as this and you should put it out of your mind.

**G.**     **What Is and Is Not Evidence**

As I mentioned earlier, in determining the facts, you must rely upon your own recollection of the evidence.  The evidence in this case is the sworn testimony of the witnesses, and the exhibits received in evidence.

Testimony that I may have stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose, you must follow the limiting instructions I gave you, and use the evidence only for the purpose I indicated.

The only exhibits that are evidence in this case are those that were received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials that were used only to refresh a witness's recollection.

Statements and arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. If your recollection of the facts differs from the lawyers' statements, it is your recollection that controls. For the same reasons, you are not to consider a lawyer's questions as evidence. It is the witnesses' answers that are evidence, not the questions.

Similarly, any statements that I may have made do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Finally, as I told you on Monday, anything you may have heard or read in the news media or anything outside of this courtroom may play no role in your deliberations. Your decision in this case must be made solely on the evidence presented at trial.

## H.    **Direct and Circumstantial Evidence**

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence,

Direct evidence is testimony that proves a disputed fact directly. It does not require any other evidence. It does not require you to draw any inferences. A witness's testimony is direct evidence when the witness testifies to what they saw, heard, or felt. In other words, when a witness testified about what is known from their own personal knowledge by virtue of their own sense—what they saw, touched, or heard—that is direct evidence. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather. The only question is whether you believe the witness's testimony. A

document or physical object may also be direct evidence when it can prove a material fact by itself, without any other evidence or inference.  You may, of course, have to determine the genuineness of the document or object.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  For example, assume that when you came into the courthouse this morning, the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn so you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then, a few minutes later, another person entered with a wet raincoat. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining, so you have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  Using your reason, experience, and common sense, you infer from established facts the existence or the non-existence of some other fact.

As you can see, the matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a logical, factual conclusion which you might reasonably draw from other facts that have been proven.

Circumstantial evidence is as valuable as direct evidence. The law makes no distinction between direct and circumstantial evidence, and it simply requires that your verdict must be based on a preponderance of all the evidence presented.

There are times when different inferences may be drawn from the evidence. The plaintiff asks you to draw one set of inferences. The defendant asks you to draw another. It is for you, and for you alone, to decide what inferences, if any, you will draw.

I.   **Witness Credibility**

It must be clear to you by now that the plaintiff and the defendant ask you to draw very different conclusions in the case.  An important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

For example, your decision whether to believe a witness may depend on the impression that witness made on you.  How did the witness appear? Was the witness candid, frank, and forthright; or did the witness seem to be evasive or suspect in some way?  How did the way the witness testified on direct examination compare with how the witness testified on cross-examination?  Was the witness consistent or contradictory?  Did the witness appear to know what they were talking about?  Did the witness strike you as someone who was trying to report his knowledge accurately?  These are examples of the kinds of common-sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with any of the parties that may affect how they testified? Does the witness have some incentive, loyalty or motive that might cause them to shade the truth?  Does the witness have some bias, prejudice or hostility that may cause the witness—

consciously or not—to give you something other than a completely accurate account of the facts they testified to? An interested witness is not necessarily less credible than a disinterested witness.  The fact that a witness is interested in the outcome of the case does not mean that the witness has not told the truth. You must determine from the witness's demeanor on the stand and such other tests as your experience dictates whether the witness's testimony was influenced, intentionally or unintentionally, by the witness's interest.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

You should also consider whether the witness had an opportunity to observe first-hand the facts they testified about, and whether the witness's recollection of the facts stands up in light of the other evidence in the case.

If you find that any statement made by a witness was false, in whole or in part, you may disregard the portion you find to be false, or you may disregard the witness' entire testimony as not worthy of belief.  A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his testimony. The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you? It is for you to say whether his testimony at this trial is truthful in whole or in part.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

**J.**     <u>**Bias**</u>

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

**K.**      **Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony.  On the other hand, discrepancies in a witness's testimony or between his testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently.  Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his testimony. You should, as always, use common sense and your own good judgment.

**L.**     **Prior Inconsistent Statement**

You have heard evidence that a witness may have made a previous statement that counsel argues is inconsistent with the witness's trial testimony. Evidence of the prior inconsistent statement was placed before you for the limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of that witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much weight, if any, to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**M.**     **All Available Witnesses or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge

of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party has had an equal opportunity to call any witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what any uncalled witnesses would have testified to had they been called.  The absence of any witnesses should not affect your judgment in any way.

**N.     Depositions**

The jury has heard references to deposition testimony.  A deposition is simply a procedure where prior to trial the attorneys for one side may question a witness or an adversary party under oath before a court stenographer. This is part of the pretrial discovery, and each side is entitled to take depositions.

**O.     Inference Defined**

During the trial, you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists based on another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another.  You, and you alone, decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—

but not required to draw—from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts you find to be proven, such reasonable inferences as would be justified in light of your experience.

**P.**     **Effect of Inference on the Burden of Proof**

The mere existence of an inference against a defendant does not relieve the plaintiff of the burden of establishing his case by a preponderance of the evidence.  If the plaintiff is to obtain a verdict against the defendant, you must still believe from the credible evidence that the plaintiff has sustained his burden of proof. If he has failed, then your verdict must be for the defendant. If you should find that all the evidence is evenly balanced, then the plaintiff has failed to sustain the burden of proof and your verdict should be for the defendant.

If, and only if you determine, after carefully weighing all the evidence, that the facts favor the plaintiff by the standard I have articulated, then he has met the burden of proof.

**PART II: SUBSTANTIVE INSTRUCTIONS**

**A.  Section 1983 Generally**

I will turn now to my instructions on the substantive law you are to apply to this case. The plaintiff in this case is Boisey Caldwell. The defendant is Officer German Geronimo. You should consider the evidence and ask with respect to the defendant whether the plaintiff has proved the elements of his claim against the defendant by a preponderance of the evidence.

The plaintiff, Mr. Caldwell, brings his claims in this case under a federal statute called 42 U.S.C. § 1983, or Section 1983 for short. Section 1983 does not create any federally protected right, but does allow a plaintiff to bring a claim to enforce rights the United States Constitution guarantees to him.

The plaintiff brings one Section 1983 claim against Officer Geronimo: that Officer Geronimo used excessive force in violation of Mr. Caldwell's Fourth Amendment rights.

Under Section 1983, a plaintiff must establish, by a preponderance of the evidence, each of the following three elements: <u>first</u>, that the acts complained of were committed by Officer Geronimo while acting under color of state law; <u>second</u>, that Officer Geronimo's conduct deprived Mr. Caldwell of a right protected by the United States Constitution; and <u>third</u>, that Officer Geronimo's conduct was a proximate cause of Mr. Caldwell's alleged injuries and damages.

As the plaintiff, Mr. Caldwell has the burden of proving each essential element of his claim by a preponderance of the evidence.  With respect to the plaintiff, if you find that Mr. Caldwell has proven the essential elements of his claim by a preponderance of the evidence, you must return a verdict for the plaintiff, Mr. Caldwell.  With respect to the defendant, Officer Geronimo,

if you find that Mr. Caldwell has not proven any of the essential elements of his claim by a preponderance of the evidence, you must return a verdict for the defendant, Officer Geronimo.

I shall now examine each of the three elements in greater detail.

1. *First Element—Acting Under Color of State Law*

The first element of the plaintiff's claim is that the conduct complained of was committed by the defendant acting under color of state law.

In this case, it is undisputed that Officer Geronimo was acting in his capacity as a police officer employed by the City of New York at the time of the acts in question, and, as such, the conduct complained of was committed by the defendant acting under color of state law.

Therefore, I instruct you that the first element of the plaintiff's Section 1983 claim has been met.

2. *Second Element—Deprivation of Right*

The second element of the plaintiff's claim is that the defendant, in committing the acts complained of, intentionally or recklessly deprived the plaintiff of a federal right. For the plaintiff to establish this second element, he must show by a preponderance of the evidence that the defendant's actions caused the plaintiff to (i) suffer the loss of a federal right and (ii) that the defendant performed these acts intentionally or recklessly rather than accidentally.

(a) Commission of Alleged Acts

The first thing for you to determine is whether the defendant committed the acts as alleged by plaintiff. This determination is a function of your role as the factfinders. If you find that plaintiff has proven by a preponderance of the credible evidence that Officer Geronimo committed the acts Mr. Caldwell has alleged, then you would find that Mr. Caldwell has satisfied

this element and move to considering the next element.  If you find that Mr. Caldwell has failed to prove by a preponderance of the credible evidence that Officer Geronimo committed those acts, then you must find in favor of Officer Geronimo.

(b) <u>State of Mind: Intent or Recklessness</u>

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason.  Please note that intent can be proved directly, or it can be proved by reasonable inference from circumstantial evidence.  An act is reckless if done with conscious disregard of its known probable consequences.  In other words, even if a defendant did not intentionally seek to deprive a plaintiff of the plaintiff's rights, if the defendant purposefully disregarded the high probability that his actions would deprive the plaintiff of the plaintiff's rights, then this second essential element would be satisfied.

(c) <u>Loss of a Federal Constitutional Right</u>

If you determine that Office Geronimo intentionally or recklessly committed the acts Mr. Caldwell alleges, you must next determine whether those acts caused Mr. Caldwell to suffer the loss of a constitutional right.

The constitutional violation claimed by Mr. Caldwell is excessive force during an arrest. The Court has already determined, in advance of this trial, that Mr. Caldwell committed an offense that subjected him to arrest, and that Officer Geronimo's decision to arrest Mr. Caldwell was lawful.  Thus, the only question is whether Officer Geronimo used excessive force in effecting that arrest.

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested.  An officer has the authority to use such force

- 18 -

as is necessary under a given set of circumstances.  Not every application of force by a police officer constitutes excessive force.  In other words, a law enforcement official may only employ the amount of force reasonably necessary under the circumstances to make the arrest.

In this case, the plaintiff, Mr. Caldwell, claims that the force Officer Geronimo used was excessive and unreasonable in violation of the Fourth Amendment.  Officer Geronimo disputes Mr. Caldwell's version of events and contends that his acts were justified, reasonable under the circumstances he confronted, and in accordance with existing law.  Therefore, you must determine whose version of events you believe.

To determine whether the defendant's acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may consider such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight. You do not have to determine whether the defendant had less intrusive alternatives available, because the defendant need only to have acted within the range of reasonable conduct.

Police officers work in circumstances that are tense, uncertain, and rapidly evolving. Police officers make split-second judgments about their actions and the amount of force necessary in a given situation.  The question is whether the police officer's actions were objectively reasonable in light of all the facts and circumstances confronting him, judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

Even if you find that there was some forcible contact between the plaintiff and the defendant, that mere fact is not sufficient by itself to demonstrate that the defendant violated the plaintiff's Fourth Amendment right to be free from excessive force.  In restraining an individual while placing him under arrest, the Fourth Amendment does not require a police officer to be courteous.

You have heard testimony about and seen excerpts from the New York City Police Department Patrol Guide and the training that police officers receive.  The Patrol Guide may not cover every situation that an officer confronts.  You may consider the Patrol Guide in determining how a reasonable officer might comport himself, but keep in mind that the Patrol Guide is not coextensive with the federal constitution.  An act that violates the Patrol Guide may or may not violate the Constitution.  Therefore, you must determine whether the plaintiff's constitutional rights were violated,  not whether Officer Geronimo complied with the Patrol Guide or his training.

Ultimately, if you find by a preponderance of the credible evidence that the amount of force Officer Geronimo used was greater than a reasonable person would have employed, Mr. Caldwell will have established a violation of his Fourth Amendment right to be free from excessive use of force.  If you find, however, that Officer Geronimo acted within the range of reasonable conduct, then you must find in favor of Officer Geronimo.

3.  *Third Element—Proximate Cause*

The third element that a plaintiff must prove is that the acts of a defendant were a proximate cause of the injury sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the acts or omissions of a defendant and any injury

sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury was a reasonably foreseeable consequence of the defendant's act or omission.  If an injury was a direct result or reasonably probable consequence of the defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors, or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

*          *          *

These are the three necessary elements of every Section 1983 claim.  To find in favor of Mr. Caldwell, you must find that he has proven each of these elements by a preponderance of the credible evidence.  If he has failed to prove one or more elements, then you must find in favor of Officer Geronimo.

**PART III:  DAMAGES**

**B.  Damages**

I will now instruct you on the law for measuring damages.

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine if he suffered any injuries as a result of the violation of his Fourth Amendment right to be free from excessive force, and if so, in what amount he should be compensated.

The fact that I am instructing you as to the proper measure of damages does not indicate any view of mine as to which party is entitled to your verdict in this case or that you must reach the issue of damages.   I am giving you instructions as to the measure of damages for your guidance only if you have found in Mr. Caldwell's favor in accordance with my other instructions.

A plaintiff is entitled to only one amount, if any, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that Mr. Caldwell has prevailed on his sole claim for excessive force, you may not award any damages other than for that claim, and you should award an amount of compensatory damages you believe will fairly and justly compensate him for the injury he suffered.

If you do find that damages should be awarded, you should not take into consideration attorneys' fees or court costs, which will be decided by the Court. If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.

The verdict form I will give you will assist you in recording the determinations, if any, that you make as to damages.

Should you find that Mr. Caldwell has proven his excessive force claim by a preponderance of the credible evidence, you must consider awarding two types of damages: compensatory damages, and nominal damages.

1. *Compensatory Damages*

If you find in favor of Mr. Caldwell, then you may award him an amount of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of Officer Geronimo's conduct. This type of damages is known as "compensatory damages." The purpose of compensatory damages is to make the plaintiff whole, that is, to compensate him for the injury he has proven by a preponderance of the credible evidence.

Compensatory damages may include damages for physical injury, pain and suffering, mental anguish, shock, and discomfort that he has suffered because of a defendant's conduct. In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress – past, present, and future – that you determine to be reasonable compensation in light of all the evidence in this case. Keep in mind that to recover damages for pain and suffering, a plaintiff must present credible evidence with respect to his suffering and corroboration that a defendant's impermissible conduct *caused* his suffering. To satisfy the requirement, the plaintiff does not need to provide evidence from a medical expert.

Compensatory damages are not a punishment, and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered, or likely to suffer in the future. Moreover, you should only award compensatory damages for the injury that you find the plaintiff

- 23 -

has proven by a preponderance of the credible evidence to be the direct result of the defendant's conduct that violated the plaintiff's Fourth Amendment right.

There is no exact standard for determining the precise amount of damages for pain and suffering.  An award you make must be fair and reasonable in light of the evidence at trial. An award must not be based only on speculation or sympathy.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

2.  *Nominal Damages*

If you return a verdict in plaintiff's favor but find that he failed to prove by a preponderance of the credible evidence that he suffered any injury as a result of the defendant's conduct, then you must return an award of nominal damages.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when a constitutional violation did not cause injuries.

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to that person entitled to enjoy that right, even when no damages flow from the deprivation.  Therefore, if you find that

Mr. Caldwell has suffered no injury as a result of Officer Geronimo's conduct other than the fact of a constitutional deprivation, you must award nominal damages in an amount not to exceed one dollar.

## PART IV: DELIBERATIONS OF THE JURY

### A.    Right to See Exhibits and Hear Testimony; Communication with the Court

Members of the jury, that concludes the substantive portion of my instructions to you. You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony. If you want any further explanation of the law as I have explained it to you, you may also request that.

Your requests for testimony—in fact any communications with the Court—should be made to me in writing, signed, dated, and timed by your foreperson, and given to one of the marshals. In that note, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached and announced in open court by your foreperson.

### B.    Notes

Some of you have taken notes periodically throughout this trial. I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory. Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence. All jurors' recollections are equal. If you can't agree on what you remember the testimony was, you can ask to have the transcript read back.

**C.**     **Duty to Deliberate; Unanimous Verdict**

Shortly, you will retire to decide the case. To prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of the claim. If you find that the plaintiff has succeeded, you should return a verdict in his favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his conscientious beliefs solely for the purpose of returning a unanimous verdict.

**D.**     **Verdict Form**

I have prepared a verdict form for you to use in recording your decisions. Your answers must be unanimous and must reflect the conscientious judgment of each juror.

You should answer every question except where the verdict form indicates otherwise. You should also proceed through the questions in the order in which they are listed.

**E.**     **Duties of Foreperson**

You should by your own vote select one of you to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  They will send out any notes, and when the jury has reached a verdict, they will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

**F.**     **Return of Verdict**

After you have reached a verdict, your foreperson will fill in the form that has been given to you, you will all sign and date it, and your foreperson will advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must agree with the verdict that is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

**CONCLUSION**

In conclusion, members of the jury, I am confident that if you listen to the views of your fellow jurors, if you apply your own common sense, and follow my instructions on the law, you will reach a fair verdict here.

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

# COURT EXHIBIT 7

| | |
|---|---|
| BOISEY CALDWELL, | |
| Plaintiff, | |
| -against- | |
| OFFICER GERMAN GERONIMO, | |
| Defendant. | |

**VERDICT SHEET**

19 Civ. 8253 (SLC)

**PLAINTIFF'S PROPOSED VERDICT SHEET**

**Note: Your answer to <u>each</u> question must be unanimous.**

**QUESTION I**

Has the Plaintiff, Boisey Caldwell, proven by a preponderance of the evidence, that he was subjected to excessive force by Officer German Geronimo on September 2, 2019 in Morningside Park in Manhattan, in violation of his constitutional rights?

Yes _____          No _____

*If you answered "Yes" to question 1 above, proceed to Question II.*
*If you answered "No" above, do not answer Questions II and III and proceed directly to the signature line on the last page -- you have reached a verdict and the foreperson should sign and date the form on the last page and tell the Court Security Officer that the jury has reached a verdict.*

**QUESTION II**

Has the plaintiff, Boisey Caldwell proven by a preponderance of the credible evidence that he suffered any compensatory damages as a result of the injury proximately caused by the defendant, Officer German Geronimo?

Yes _____          No _____

If YES, in what amount has the plaintiff, Boisey Caldwell, proven compensatory damages?

$_____

If NO, you are required to enter an award of nominal damages in an amount not to exceed one dollar ($1.00).

$_____

You have reached a verdict. Your deliberations are complete.

_____           _____
Date                          Foreperson

UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

BOISEY CALDWELL,

Plaintiff,

-against-

OFFICER GERMAN GERONIMO,

Defendant.

# COURT EXHIBIT 8

**VERDICT SHEET**

19 Civ. 8253 (SLC)

## PLAINTIFF'S PROPOSED VERDICT SHEET

Note: Your answer to each question must be unanimous.

## QUESTION I

Has the Plaintiff, Boisey Caldwell, proven by a preponderance of the evidence, that he was subjected to excessive force by Officer German Geronimo on September 2, 2019 in Morningside Park in Manhattan, in violation of his constitutional rights?

Yes _____          No _____

*If you answered "Yes" to question 1 above, proceed to Question II.*
*If you answered "No" above, do not answer Questions II and III and proceed directly to the signature line on the last page -- you have reached a verdict and the foreperson should sign and date the form on the last page and tell the Court Security Officer that the jury has reached a verdict.*

## QUESTION II

Has the plaintiff, Boisey Caldwell proven by a preponderance of the credible evidence that he suffered any compensatory damages as a result of the injury proximately caused by the defendant, Officer German Geronimo?

Yes _____          No _____

- 30 -

If YES, in what amount has the plaintiff, Boisey Caldwell, proven compensatory damages?

$_____

If NO, you are required to enter an award of nominal damages in an amount not to exceed one dollar ($1.00).

$_____

You have reached a verdict. Your deliberations are complete.

_Aug. 9, 2022_
_____
Date

███████████████████████
Foreperson